This case is controlled by the decision in the companion case of Hirsch v. Northwestern Mutual Life Insurance Co., ante, 524.
Judgment reversed. All the Justicesconcur.
 No. 13561. JANUARY 14, 1941. REHEARING DENIED FEBRUARY 14, 1941.
In addition to the report of the facts in the companion case of Hirsch, next preceding, it is only necessary to set forth the intervention of Mrs. Powers, her amendment, and the demurrers of the insurance company and of Yudelson, as follows: (1) Intervenor adopts all of the allegations of plaintiff's petition as fully and completely as if said allegations were specifically set out by her, except the allegations of paragraph 22, which are not adopted. (2) Ben W. Steele died on June 2, 1940. He was intervenor's brother, and he had no immediate family, intervenor being his next of kin and sole heir at law. (3) On December 31, 1928, he conveyed to her his half undivided interest in said described property, subject to the loans in favor of the Northwestern Mutual Life Insurance Company and of Hirsch. Therefore Steele is not a necessary party to this proceeding so far as intervenor is concerned. (4) She is entitled to an accounting from the insurance company and Yudelson, for the *Page 536 
rents and profits collected by them; and an auditor is necessary to determine the amount so collected, as well as to determine the other issues in this case. (5) She has no adequate remedy at law. She prays: (a) That the court require the insurance company and Yudelson to account to her for rents and profits accruing from said property, and that an auditor be appointed to determine the issues in this case. (b) That the defendants be enjoined from disturbing the present status of said property, by foreclosure or otherwise, in any proceeding or in any court except in this case. (c) That the court appoint a receiver to seize said property and to collect the rents and profits arising therefrom, to be held subject to the further order of this court. (d) That said property be sold by the receiver, and the proceeds be held by him subject to the direction of the court. (e) That the court pass a decree adjusting the claims, rights, equities, and priorities of the lienholders and other parties. (f) That the judgment rendered in the city court of Atlanta in favor of the insurance company against the intervenor and Steele, the fi. fa. in said case, and the sale and sheriff's deed pursuant thereto be declared void and of no effect, and the deed from the insurance company to Yudelson be canceled and declared void and of no legal effect; and that such further relief be granted as to the court may seem meet and proper.
Mrs. Powers amended as follows: Intervenor adopts all of the allegations of the plaintiff's petition and the amendment thereof, except that the allegations of paragraph 22 of said petition are not adopted. That paragraph alleges that petitioner Hirsch is ready, willing, and able to pay to the insurance company the amount due under the first loan, if any, when it is ascertained what the amount is by a proper accounting, and petitioner tenders said amount; and that he is unable at this time to make a tender of any exact amount, for the reason that he is not informed as to the amounts of rents and profits collected by the insurance company and Yudelson, and as to what amount of said rents and profits should be applied to the discharge and extinguishment of the first loan.
The insurance company and Yudelson demurred to the intervention as amended. These demurrers were sustained, and the intervention was dismissed, and Mrs. Powers excepted.