## YUDELSON v. NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY et al.

No. 13897. FEBRUARY 16, 1942.

*Mitchell & Mitchell,* for plaintiff in error.

*MacDougald, Troutman & Arkwright, William S. Shelfer, W. D. Thomson,* and *T. J. Long,* contra.

PALMER, Judge. The Northwestern Mutual Life Insurance

Company, having attempted to foreclose a loan deed without service on non-resident defendants, was sued for the property as mortgagee in possession, and the plaintiff in error, Sol. I. Yudelson, was made a codefendant by reason of the fact that he had bought the property from the insurance company. General demurrers of both defendants were sustained in the trial court, but that ruling was reversed in this court. *Powers v. Northwestern Mutual Life Insurance Co.,* 191 *Ga.* 535 (13 S. E. 2d, 171). After that decision there was an accounting for the rents and profits of the property, and the issues were submitted to a jury. At the conclusion of the evidence the attorneys for Mrs. Powers moved for a directed verdict, stating that the amount of net rentals received by Yudelson at the time he was in possession of the property was not in dispute, neither was there any controversy as to the net rentals received by the insurance company during the time it was in possession; that the only controversy was whether or not certain offsets claimed by Yudelson against the net rentals received by him should not be allowed, but that the amount of these claimed offsets was not in dispute.

The case as it is presented to this court involves but two questions: (1) Is the plaintiff in error entitled to offset, against the net rentals, improvements made by his tenant at the tenant's expense and as a part of the rent for the premises occupied by the tenant? (2) Is he entitled to offset against the net rentals the income tax paid by him on the net rentals to the Federal Government and the State of Georgia? The court declined to allow Yudelson credit in the accounting for the two foregoing items. Counsel for both parties stated, in arguments before this court, that the foregoing were the only questions submitted for decision. The uncontroverted evidence in this case, as shown by the record, is to the effect that the improvements made upon the property, for which the plaintiff in error makes claim in the way of credit in the accounting, were not made by the plaintiff in error, Yudelson, but were made by his tenant, and at the entire expense of the tenant, as a part of the consideration of the lease contract, and therefore a part of the rent.

There seems to be a clear distinction under the law, in a case of this character, between the repairs and permanent improvements. The general rule is that a mortgagee in possession is under a duty

to keep the premises in a reasonable state of repair, and therefore is entitled to take credit therefor in a general accounting to the mortgagor. This, however, is not the rule with respect to permanent improvements. As to permanent improvements, a mortgagee in possession is not authorized, without the consent of the mortgagor, to make such improvements and thereby increase the burden on the mortgagor upon a redemption of the premises. This rule is stated in 19 R. C. L. 333, § 107, and is sustained by Robertson v. Read, 52 Ark. 381 (14 S. W. 387); Horne v. Indianapolis National Bank, 125 Ind. 381 (25 N. E. 558, 9 L. R. A. 676, 21 Am. St. R. 231); Miller v. Ward, 111 Me. 134 (88 Atl. 400); Gillis v. Martin, 17 N. C. 470 (25 Am. D. 729); Whiting v. Adams, 66 Vt. 679 (30 Atl. 32, 25 L. R. A. 598, 44 Am. St. R. 875); Lynch v. Ryan, 137 Wis. 13 (118 N. W. 174, 129 Am. St. R. 1040). In McCarron v. Cassidy, 18 Ark. 34, the court held: "A mortgagee in possession, without special authority, will only be allowed for such improvements as are absolutely necessary for the support of the property and to keep it from waste and damage."

The right of the plaintiff in error to set off the improvements placed upon the property is not controlled by the act of 1897 (Code, § 33-107), because "this is not an action for the recovery of land." It is an equity case for an accounting by a trustee. However, the equity rule does not differ essentially from the statutory rule. The statute allows the set-off for improvements only if placed thereon by himself or other bona fide claimants under whom he claims. The equity rule as laid down in 19 Am. Jur., under the topic "Equity," § 4-64, provides: "That the plaintiff will be compelled to reimburse the occupant for his expenditures." Either of these rules would require a disbursement by the party to be reimbursed; and as the rule was applied by the Supreme Court of Alabama in Sacred Heart v. Manson, 203 Ala. 250 (82 So. 489) "There could be no reimbursement for the German Bank [Yudelson] until the German Bank [Yudelson] had paid something to be refunded, restored to it." Yudelson had paid out nothing, and there was nothing to refund or to restore to him with reference to the permanent improvements placed upon the property in question.

The position of the plaintiff in error as to the improvements placed upon the property is untenable. He made no expenditure of money in connection with these improvements, and therefore he

does not suffer a financial loss by the ruling of the court. Neither does the tenant or lessee, because the court has adjudged that the lease he entered into with Yudelson is valid and binding not only upon Mrs. Powers, the owner of the property, but also upon her successor in title. It is reasonable to assume that the tenant or lessee will enjoy the benefits from the improvements in question for the life of his lease.

With reference to the item of income taxes. If the plaintiff in error has any right to recover these payments, it seems that the right exists against the Federal and State Governments to whom the payments were made. The right to recover the payments, if it exists at all, is under the doctrine of unjust enrichment, which is an equitable doctrine and will never be enforced against one not enriched at all in connection with the payment, as is the case here. The plaintiff in error cites no authority to sustain his position as to either contention.

Finding no error in the record of which the plaintiff in error has any right to complain, the judgment of the lower court must be

*Affirmed. All the Justices and Judges concur.*

BELL, Justice. This case is an outgrowth of the case of *Hirsch* v. *Northwestern Mutual Life Insurance Co.*, 191 *Ga.* 524. I will now make the following statement regarding the *Yudelson* case:

What I have already said in regard to the case of *Suttles* v. *Northwestern Mutual Life Insurance Company* will apply in all respects to the *Yudelson* case, except as hereinafter indicated. This case was argued orally during the present term. Later the disqualifications were discovered. It was then ordered reargued, and has been assigned for reargument beginning at 11 o'clock to-day. Judges Reid and Atkinson will not preside, for reasons which I have heretofore given. Judges Jenkins and Duckworth accept the waiver so far as the *Yudelson* case is concerned, and will preside. The same is true of Judge Grice and myself, if perchance we should be disqualified.

In reference to both cases and other similar situations, it may be further said that the law in regard to such disqualifications, more especially a disqualification because of infinitesimal interest of some stockholder of many in any large corporation which may be a party, has caused much inconvenience to the members of this court and to counsel, besides involving some expense to the State

in filling the resulting vacancies. Some years ago the members of this court, thinking that legislation to relieve such inconvenience and expense might be desirable, did what was to them the very exceptional thing of suggesting such legislation. As I now recall, this suggestion was made at a time before any of the present Justices became members of the court, except Justice Atkinson and myself. A member of the legislature introduced a bill to that effect, but the measure failed for some reason. It is of course not our purpose here to invite legislation. We are merely stating the situation as it now confronts the entire bench and bar, and the extent to which members of this court have gone in the past in seeking a remedy.