## 39344. BEAVERS v. WEATHERLY.

CLARKE, Justice.

This case involves the validity of a deed when the grantor has been adjudicated an incompetent and then executes the deed to her guardian in his individual capacity. We must also decide the rights of a party who took a deed executed by the guardian as an individual.

We hold the deeds executed by the incompetent to be void. Consequently, the deed from the guardian conveys no title. The subsequent grantee is not entitled to restitution from the estate of the incompetent, but may be entitled to recover the value of improvements he made on the premises to the extent that the value exceeds the amount of mesne profits sought by the incompetent's new guardian.

When Manzelle Johnson was declared incompetent by the probate court, her nephew, Obbie Neal, was appointed her guardian. He was later removed for failure to make returns. During Neal's

tenure as guardian, Miss Johnson executed both a quitclaim deed and a warranty deed, conveying the subject property to Neal. Neal subsequently conveyed the same real estate to Beavers by warranty deed. Miss Johnson's present guardian brought this action to cancel the deeds executed by his ward, seeking a decree that title be restored to Miss Johnson. The trial court granted summary judgment to the present guardian, cancelling the deeds and denying Beavers' claim for restitution of his purchase price.

1. We do not need to consider the conflict of interest existent when a guardian takes a deed from his incompetent ward. Nor do we need to consider the fact that no court order authorized a conveyance of the real estate. We need only in this case to look to the provisions of OCGA § 13-3-24 (Code Ann. § 20-206). After a person has been adjudicated incompetent to the extent that he is incapable of managing his estate and the affairs of such person are vested in a guardian, the power of such person to contract is entirely gone. Any contract made by such a person when his affairs are in the hands of a guardian is not merely voidable, but absolutely void. Such is the case in this instance, and the subsequent conveyance of the same real estate to a third party cannot validate the void deed. Since the deeds from Miss Johnson to Neal were void, Neal had nothing to convey to Beavers. Therefore, Beavers took no title under the deed from Neal.

2. Beavers also contends that in the event his deed is cancelled, he is entitled to restitution from the estate of Miss Johnson and that he has an additional entitlement to recovery for improvements he claims to have made upon the real estate.

Generally, where an innocent purchaser without knowledge obtains a deed from a mentally incompetent seller who has not been adjudicated insane, restitution by the seller is necessary in order for the seller to obtain cancellation of the deed. *Ga. Power Co. v. Roper,* 201 Ga. 760 (41 SE2d 226) (1947); *Atlanta Banking &c. Co. v. Johnson,* 179 Ga. 313 (175 SE 904) (1934). In *Dean v. Goings,* 184 Ga. 698 (192 SE 826) (1937), this court found that in the case of a deceased incompetent, "If the grantee in such deed have notice of the insanity of the grantor at the time of the execution and delivery of the deed, failure to make restitution or tender of restitution by the heirs at law of the grantor will not prevent cancellation of such deed at their instance." The court further held that where the grantee had no notice of the grantor's insanity, restitution was required.

There are two distinctions between *Dean v. Goings,* supra, and the present case.

First, the adjudication of Miss Johnson as an incompetent is a matter of official record, and the world is on constructive notice of

this fact. Second, Beavers did not take a deed from Miss Johnson but from Neal. If Beavers is entitled to restitution it is from Neal that he must seek it.

The allegation that improvements were made by Beavers upon the real estate raises a different question. This presents a question of fact which, if decided favorably to Beavers, would entitle him to a return of the value of his improvements, reduced by any profits he has received from the property, under a theory of unjust enrichment.

"Ordinarily when one renders service or transfers property which is valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof." OCGA § 9-2-7 (Code Ann. § 3-107). However, in this case, since Miss Johnson was incompetent, there was neither knowledge nor acceptance of the improvements. Where one without knowledge neither authorizes, consents to, nor ratifies another's labor or permanent improvements to property, there is no duty imposed upon the one so benefited to make restitution. The reason is that in the absence of knowledge or authorization it would be unduly harsh to require the recipient's return of the value of goods and services when the goods or services cannot themselves be returned. *Lawson v. O'Kelley,* 81 Ga. App. 883 (60 SE2d 380) (1950). See also Restatement of the Law of Restitution §§ 40-42 (1937).

However, when one seeks the aid of equity in recovering land, the court may make compensation for improvements a condition of relief. The improver is entitled to the reasonable value of his labor and materials or the amount which his improvements have added to the market value of the land, whichever is smaller. Similarly, where the owner seeks to recover mesne profits or other damages against the improver, the improver is entitled to have the value of improvements deducted from the claim against him. Restatement of the Law of Restitution, § 42, comment c (1937).

In a situation such as the one before us, in which the defendant is in possession, the action for cancellation of a deed is similar to an action for the recovery of land within the meaning of OCGA § 44-11-9 (Code Ann. §§ 33-107 — 33-110). Under OCGA § 44-11-9 (Code Ann. §§ 33-107 — 33-110), a defendant who has a bona fide possession of land under an adverse claim of title may set off the value of permanent improvements against mesne profits and recover the excess of the value of the improvements over the profits.

Although this action for cancellation of deeds and recovery of mesne rents and profits is not strictly an action for recovery of land covered by OCGA § 44-11-1 (Code Ann. § 33-101), "... the equity rule does not differ essentially from the statutory rule. The statute allows

the set-off for improvements only if placed thereon by himself or other bona fide claimants under whom he claims. The equity rule as laid down in 19 Am. Jur., under the topic 'Equity' § 4-64, provides: 'That the plaintiff will be compelled to reimburse the occupant for his expenditures.' " *Yudelson v. Northwestern Mutual Life Ins. Co.,* 193 Ga. 518 (18 SE2d 833) (1942).

For the reasons stated above we affirm the trial court in its cancellation of the deeds and in its order that no restitution is due from Miss Johnson's estate. However, we hold that the summary judgment should have been partial, and we remand this matter to the trial court for a determination of the amount of improvements, if any, and the most equitable means for compensation to be made to the extent that these improvements exceed the profits Beavers has received from the property.

*Judgment affirmed in part, reversed in part and case remanded. All the Justices concur.*

DECIDED FEBRUARY 8, 1983.

Rubin, Winter & Goger, Elizabeth A. Edelman, John J. Goger, Jay L. Strongwater, for appellant.

Weeks, Candler, Sams, Weatherly & Shinall, Charles L. Weatherly, for appellee.