A94A0928. GRADY TRACTOR COMPANY, INC. v. FIRST NATIONAL BANK OF GRADY COUNTY.
(446 SE2d 228)

JOHNSON, Judge.

George Leonard Phillips pledged a tractor as security for loans from First National Bank of Grady County and apparently for a loan from the Cairo Banking Company. After Phillips defaulted on the loans, Grady Tractor Company, Inc., at the request of Cairo and unbeknownst to First National, seized and repaired the tractor. First National then informed Grady that it, not Cairo, had a properly recorded and perfected first lien on the tractor. First National filed the instant complaint against Grady for unlawful conversion of the tractor. Grady counterclaimed for the cost of repairing the tractor. The trial court granted summary judgment to First National on Grady's counterclaim. The main claim proceeded to trial and the jury returned a verdict in favor of First National. The court entered judgment in the amount of $5,000 on the verdict. Grady appeals.

1. Grady contends that the trial court erred in refusing to strike for cause five prospective jurors who have accounts at First National, thereby forcing Grady to use five of its peremptory strikes against those jurors. "[A] person is not competent to serve as a juror in a cause when there exists any business relation between himself and one of the parties which may tend to influence the verdict. The reason for the rule is to eliminate those jurors whose impartiality may be called into question by the existence of a business relationship whereby the juror could be motivated by financial concerns, and to avoid forcing jurors into the position of choosing between adherence to an oath of impartiality and the pecuniary interests of a party with whom the juror has a business relation." (Citations and punctuation omitted.) Walker v. State, 206 Ga. App. 81, 82 (3) (424 SE2d 364) (1992); see OCGA § 15-12-135. Contrary to Grady's claim, the mere fact that a juror has an account at a bank which is a party to the action is not necessarily a business relationship that calls into question the juror's impartiality. It is true that under some circumstances a banking relationship might cause a juror to be motivated by financial concerns. Those circumstances and that improper motivation,

however, must be shown by the party seeking to disqualify the juror for cause. "A challenge to the poll or a motion to disqualify jurors must be supported by evidence if the presumption of their qualification and impartiality is to be rebutted." (Citations and punctuation omitted.) *Page v. Janko*, 200 Ga. App. 547, 548 (1) (409 SE2d 48) (1991). Here, the court qualified all of the prospective jurors by determining that none of them are officers, directors, agents, employees or stockholders of First National. Grady was then allowed to question the prospective jurors about their accounts at First National. Because the record does not contain a transcript of that voir dire, it is impossible to determine whether the circumstances surrounding those accounts caused any of the prospective jurors to believe that they would benefit financially from a verdict in favor of the bank. The mere existence of the banking relationship, without more, is not a valid basis for striking a prospective juror for cause. Compare generally *Daniel v. Bi-Lo*, 178 Ga. App. 849 (344 SE2d 707) (1986). "The trial judge has a discretion in determining whether a juror can decide the case in accordance with the evidence presented during the trial and without bias or partiality or outside influences. Unless there is manifest abuse we cannot require a new trial." (Citations and punctuation omitted.) *Poulnott v. Surgical Assoc. of Warner Robins*, 179 Ga. App. 138, 139 (1) (345 SE2d 639) (1986). Grady has failed to show that the trial court manifestly abused its discretion and therefore a new trial is not required.

2. Grady argues that the court erred in granting summary judgment to First National on Grady's counterclaim because the bank impliedly agreed to pay for the repairs to the tractor. "Ordinarily, when one renders service or transfers property which is valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof." OCGA § 9-2-7. In the instant case, however, it is undisputed that Grady repaired the tractor solely at the request of Cairo, while First National had no knowledge of the requested repairs. "Where one without knowledge neither authorizes, consents to, nor ratifies another's labor . . . there is no duty imposed upon the one so benefited to make restitution. The reason is that in the absence of knowledge or authorization it would be unduly harsh to require the recipient's return of the value of . . . services when the . . . services cannot themselves be returned. [Cit.]" *Beavers v. Weatherly*, 250 Ga. 546, 548 (2) (299 SE2d 730) (1983). Since First National did not authorize, consent to, or ratify the repairs, it has no duty to pay Grady for them. *Ginsberg v. Termotto*, 175 Ga. App. 265, 266-267 (1) (333 SE2d 120) (1985). The trial court properly granted summary judgment to First National as to Grady's counterclaim. *Smith Dev. v. Flood*, 198 Ga. App. 817, 819-821 (2), (3) (403 SE2d 249) (1991).

*Judgment affirmed. Beasley, P. J., and Andrews, J., concur.*

DECIDED JUNE 24, 1994.

*Loftiss, Van Heiningen & Ward, J. Patrick Ward,* for appellant.
*Porter, Lehman & Chason, J. Kevin Chason,* for appellee.