A94A1607. GEORGIA-CAROLINA PETROLEUM COMPANY,
INC. v. HEAD.
(452 SE2d 158)

POPE, Chief Judge.

Plaintiff/appellant Georgia-Carolina Petroleum Company brought this breach of contract action against defendant/appellee Verlyn Head d/b/a Community Grocery seeking to recover the value of certain equipment installed on defendant's property and lost profits. The trial court directed a verdict against plaintiff on one of its claims and the jury returned a verdict for defendant on the remaining claims. Plaintiff timely filed the present appeal following the trial court's denial of its motion for new trial.

1. Plaintiff argues it is entitled to a new trial because one of the jurors failed to disclose that her husband had a business/partnership relationship with defendant. We note first that the facts are in dispute as to what the juror disclosed on voir dire concerning the business relationship between her husband and defendant. However, assuming that the juror responded untruthfully to the questions posed on voir dire, under the two-part test enunciated by our Supreme Court in *Gainesville Radiology Group v. Hummel*, 263 Ga. 91, 94 (428 SE2d 786) (1993), plaintiff is entitled to a new trial only if it can also show that a correct response by the juror would have provided a valid basis to challenge the juror for cause. " '(A) person is not competent to serve as a juror in a cause when there exists any business relation between himself and one of the parties which may tend to influence the verdict. The reason for the rule is to eliminate those jurors whose impartiality may be called into question by the existence of a business relationship whereby the juror could be motivated by financial concerns, and to avoid forcing jurors into the position of choosing between adherence to an oath of impartiality and the pecuniary interests of a party with whom the juror has a business relation.' (Citations and punctuation omitted.) *Walker v. State*, 206 Ga. App. 81, 82 (3) (424 SE2d 364) (1992)." *Grady Tractor Co. v. First Nat. Bank*, 213 Ga. App. 663 (446 SE2d 228) (1994). Although plaintiff argues the juror had a pecuniary interest in the outcome of the litigation because of the business relationship between her husband and the defendant, the record shows that the partnership had nothing to

do with the litigation in this case; rather, it concerned an unrelated business interest, and any adverse verdict in the case at bar would not have caused the juror or her husband to experience either adverse or favorable financial consequences. Cf. *Daniel v. Bi-Lo, Inc.*, 178 Ga. App. 849 (1) (344 SE2d 707) (1986). It follows that we find no abuse of discretion in the denial of plaintiff's motion for new trial on this basis. Accord *Hummel*; *Gardiner v. State*, 264 Ga. 329 (3) (444 SE2d 300) (1994).

2. Having reviewed the record and transcript, we conclude plaintiff's remaining enumerations of error are also without merit.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 30, 1994 —
RECONSIDERATION DENIED DECEMBER 16, 1994 — 

*Clifford S. Lancey*, for appellant.
*B. Dean Grindle, Jr.*, for appellee.