## 59045. ELLISON v. NATIONAL BY-PRODUCTS, INC.

BANKE, Judge.

This appeal arises from a personal injury action involving a motor vehicle collision. The sole question presented is whether the trial court erred in refusing to excuse a prospective juror for cause. Plaintiff's injury was described as a "flexion extension injury" or "whiplash." The juror stated to the court, "Judge; I don't believe I can be fair and impartial on this jury because of the nature of the injury. I think I should be disqualified from serving on the jury because of the nature of the injury . . . Most people who have a whiplash injury are out to rip somebody off . . .

that's the way I feel about it . . . I would be more inclined to believe the defense before I would the person who says they were injured." Because the trial court denied the challenge for cause, plaintiff peremptorily removed the prospective juror. Before the panel was completed, she exhausted all of her remaining peremptory challenges. The jury returned a verdict in favor of the defendant. *Held:*

"Jurors should come to the consideration of a case . . . free from even a suspicion of prejudgment or fixed opinion upon any material fact in the issue to be tried—as to the parties, the subject-matter, or the credibility of the witnesses." *Smith v. State,* 16 Ga. App. 299 (85 SE 207) (1915). "In such a case when a challenge is made and improperly overruled but such juror does not serve on the jury trying the case because he is stricken by the complaining party, such ruling is not error unless it appears that the party had to exhaust his peremptory challenges in order to get rid of the juror." *Felker v. Johnson,* 53 Ga. App. 390, 395 (186 SE 144) (1936). Upon the record before us the juror was disqualified, and all the plaintiff's peremptory challenges were exhausted. A new trial is required.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

Submitted January 15, 1980 — Decided February 14, 1980.

*Thomas William Malone, William F. Underwood, Jr., Walter W. Kelley,* for appellant.

*D. D. Rentz,* for appellee.