### 71677. DANIEL v. BI-LO, INC. et al.
(344 SE2d 707)

SOGNIER, Judge.

Jumelle Donnelly Daniel brought suit against ten Richmond County merchants for malicious prosecution. The jury returned a ver-

dict against Daniel in favor of the merchants and Daniel appeals.

The facts of this case have been set forth in *Daniel v. Ga. R. Bank &c. Co.*, 173 Ga. App. 888 (328 SE2d 552) (1985), rev'd 255 Ga. 29 (334 SE2d 659) (1985). For the purpose of this appeal, the evidence adduced at trial showed that after appellant's purse was stolen on August 31, 1979, a person posing as appellant opened an account at a bank and wrote checks on that account between December 1979 and January 1980. The checks written on the account, all of which were returned by the bank, were the bases of the warrants obtained by appellees. There was evidence that appellant was informed by a bank investigator about the fraudulent checking account and the bad checks in December 1979 and within a few months thereafter knew that warrants had been issued for her arrest. Appellant did not get the warrants dismissed and made no effort to identify and contact any of appellees to inform them of the fraudulent nature of the account and the mistaken identification. The address given on the bad checks was false; neither appellant nor her then husband were listed in the local telephone book; and between 1979 and 1981 appellant had four different home addresses. Appellant was arrested March 25, 1981, on the warrants when she applied for a Georgia driver's license.

1. Appellant contends the trial court erred by refusing to excuse juror William A. Gibson upon appellant's challenge for cause. On voir dire Gibson stated he was an independent insurance adjuster who had his own business doing insurance adjusting and investigation work. Gibson stated that at the time of trial he had "open files" (meaning that he was currently performing insurance adjusting and investigation work) for one of the companies insuring an appellee in the case and had previously worked for two other insurance companies involved in the defense of this case. Gibson stated that his current work did not involve the instant case, that he had performed no work in connection with the case for any of the insurers involved and had no knowledge of the facts of the case. Gibson stated that despite his past and current work for those insurance companies, he could be fair and impartial. The trial court refused appellant's challenge for cause and appellant struck Gibson with the use of one of her peremptory strikes. The record reflects that appellant exhausted all six of her peremptory strikes in the selection of the jury.

"A juror is objectionable propter affectum whenever it is shown that his finding may be affected by his personal interest in the result; and the probability as to whether that interest will produce bias is to be determined by the ordinary general rules of human experience. For this reason a person is not competent to serve as a juror in a cause when there exists any business relation between himself and one of the parties which may tend to influence the verdict." *Temples v. Central of Ga. R. Co.*, 15 Ga. App. 115 (1) (82 SE 777) (1914). "The wis-

dom of such rule is substantiated when one considers the plight of any employee during voir dire. 'The single purpose for voir dire is the ascertainment of the impartiality of jurors, their ability to treat the cause on the merits with objectivity and freedom from bias and prior inclination.' [Cit.] An individual subpoenaed to jury service in the performance of his public duty should not be called upon to answer affirmatively or negatively with its resultant impact either way upon him personally the question: 'Would your employment prevent you from fulfillment of your sworn duty as a juror to act fairly and impartially and without any bias as between the parties in this case?' In order to insure that each party obtains a panel of impartial jurors it is essential to rule that regardless of any presumption employees should be held incompetent to serve as a juror in a case in which the employer is a party." *Seaboard C. L. R. Co. v. Smith,* 131 Ga. App. 288, 291 (1a) (205 SE2d 888) (1974). This rule is applicable to parties who, although not named in the suit, have a financial or other interest in the outcome of the litigation to be tried. See generally *Weatherbee v. Hutcheson,* 114 Ga. App. 761, 764 (1a) (152 SE2d 715) (1966) (interest in insurance company); *Johnson v. Jackson,* 140 Ga. App. 252, 254 (1) (230 SE2d 756) (1976) (secretary of plaintiffs' counsel); *Elder v. MARTA,* 160 Ga. App. 78 (2) (286 SE2d 315) (1981) (son of plaintiff's expert witness).

Appellees' argument that the above rule is inapplicable because Gibson was not an employee of the insurance companies fails to recognize that the reason for the rule is to eliminate those jurors whose impartiality may be called into question by the existence of a business relationship whereby the juror could be motivated by financial concerns affirmatively or negatively towards a party interested in the outcome of a suit and whose presence on the jury would thus deny the opposing party the right to a fair and impartial jury. An insurance adjuster's livelihood is dependent upon the assignments received from insurance companies such as those defending appellees in the instant suit. Thus, insurance adjusters have a pecuniary interest, albeit an indirect interest, in the result of the case as affecting the source of their incomes. We do not mean by this to say that Gibson was in fact affected by the situation disclosed in the agreed statement of facts. "As was said in *Atlantic Coast Line R. Co. v. Bunn,* 2 Ga. App. 306 (58 S.E. 538), 'An employee, whether of an individual, a partnership, or a corporation, may be, in rare instances, an impartial juror in passing upon the rights of his employers. It is possible for a judge or juror to be so absolutely fair that he could try his own cause. But there must be a rule upon the subject, and the only rule that can be adopted with safety is one which recognizes the interest to which humanity is generally susceptible and not a rule based upon rare exceptions.' " *Temples,* supra at 123.

Thus, the trial court erred by refusing to disqualify juror Gibson upon appellant's challenge for cause. Since the record reveals that appellant exhausted all her peremptory strikes in the selection of the jury, see *Ellison v. Nat. By-Prods.*, 153 Ga. App. 475, 476 (265 SE2d 829) (1980), see also *Harris v. State*, 255 Ga. 464 (339 SE2d 712) (1986), the trial court's failure to excuse Gibson constituted reversible error.

2. Our holding in Division 1 renders it unnecessary for us to address appellant's enumeration of error concerning a second juror challenged for cause. However, in view of the possible repetition of appellant's remaining enumerations upon retrial, we will address appellant's other contentions.

(a) Our perusal of the trial court's charge to the jury reveals no error by the trial court. The trial court's repetition of the charge on probable cause, taken from the Suggested Pattern Jury Instructions, Vol. I (2d ed.) 314 (1984), did not unduly emphasize that part of the trial court's definition of probable cause. See *Graham Bros. &c. Co. v. C. W. Matthews &c. Co.*, 159 Ga. App. 546, 549 (2) (284 SE2d 282) (1981). Nor do we find any error in the trial court's failure to charge appellant's requests to charge numbers 12 and 13 where the trial court amply charged the jury on the principle embodied in those requests. *Allstate Ins. Co. v. Baugh*, 173 Ga. App. 615, 618 (5) (327 SE2d 576) (1985).

(b) Appellant contends the trial court erred by allowing the two magistrates who issued the warrants for appellant's arrest to testify that those warrants were issued only after appellees had followed the procedures the magistrates understood to be proper. Our review of the record reveals no error in the admission of this testimony, see *Atlantic Zayre v. Williams*, 172 Ga. App. 43, 45 (3) (322 SE2d 83) (1984), and should similar testimony be offered at retrial, any objection to the relevancy of this evidence should not be sustained. The case cited by appellant in support of this enumeration, *Rigden v. Jordan & Stewart*, 81 Ga. 668 (7 SE 857) (1888), is distinguishable on its facts.

(c) The trial court did not err by refusing to admit as irrelevant two exhibits proffered by appellant which showed that two merchants, not parties to the case, had contacted appellant about the bad checks they had received. See *Atlantic Zayre*, supra at 46 (4) (a).

*Judgment reversed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED APRIL 10, 1986 —
REHEARINGS DENIED APRIL 22, 1986 AND APRIL 30, 1986 —

*Joseph R. Neal, William H. Lumpkin, Jay M. Sawilowsky*, for appellant.

*J. Arthur Davison, Duncan Wheale, John L. Creson, Frank W. Seiler, J. Wayne Pierce, Bryan F. Dorsey*, for appellees.