## A91A0418. PAGE v. JANKO et al.
## A91A0419. HCA HEALTH SERVICES OF GEORGIA, INC. v. PAGE.
### (409 SE2d 48)

POPE, Judge.

Plaintiff Fiona Graham Page filed this medical malpractice action against defendants HCA Health Services of Georgia, Inc., (HCA of Georgia) Medi-Tech, Inc. and Dr. Gary S. Janko. Plaintiff settled her claims against Medi-Tech, Inc. and the case proceeded to trial against HCA of Georgia and Dr. Janko (hereinafter "defendants"). The jury returned a verdict for both defendants and the trial court entered judgment on the verdict of January 30, 1990. Plaintiff appeals from the denial of her motion and amended motion for new trial. We affirm.

1. In her sole enumeration of error plaintiff contends that the trial court erred in refusing to excuse for cause Juror Dana Kull which action, according to plaintiff, forced her to use one of her peremptory strikes against the juror.[1] Specifically, plaintiff argues that Juror Kull should have been excused for cause because of her "potential, indirect pecuniary interest in the outcome of the case" arising out of her employment as an associate attorney with a large (approximately 100 attorney) law firm who had represented Hospital Corporation of America (HCA), the parent corporation of defendant HCA of Georgia, on an unrelated matter. Although such a relationship might warrant disqualification of the juror under certain circumstances, we do not believe that the trial court erred in refusing to grant plaintiff's challenge for cause in the case at bar.

HCA was not a party to this litigation; nor did the plaintiff seek to have the jury qualified as to HCA. Although Juror Kull initially did not respond to plaintiff's question on voir dire concerning whether any of the jurors had "worked for . . . [HCA] or any of its affiliates," when she returned to court the following morning she volunteered that, after leaving court the previous day, she remembered that her employer had represented HCA in connection with certain tax matters. In response to questioning by the parties, Kull responded that she was not personally involved with the representation of HCA and that to her knowledge the firm's representation of HCA was limited to matters outside her field of expertise. The juror further stated that she "might never have known that our firm represented [HCA] had [she] not attended a corporate tax seminar in which some fairly complicated transaction that HCA was contemplating doing was used as the example." Kull also stated that the seminar at which HCA was

---

[1] The record shows that plaintiff used all her peremptory strikes in the selection of the jury.

mentioned was held "a couple of months ago."

"A challenge to the poll or a motion to disqualify jurors must be supported by evidence if the presumption of their qualification and impartiality is to be rebutted. [Cit.]" *Hiatt v. State*, 132 Ga. App. 289, 291 (2) (208 SE2d 163) (1974). Although the parties were allowed to question Kull concerning her employer's representation of HCA, plaintiff failed to ascertain if the representation was ongoing, or that the juror anticipated her employer representing HCA with regard to any other matter in the future. The plaintiff even failed to demonstrate that Kull's law firm was representing HCA at the time of trial. Cf. *Daniel v. Bi-Lo, Inc.*, 178 Ga. App. 849 (1) (344 SE2d 707) (1986) (in which the juror, an independent insurance adjuster, stated that at the time of trial he had "open files" for one of the companies insuring a party in the case). All we know from the record before us is that the juror's employer had, at some point, represented HCA with regard to a certain tax matter, and that the juror stated that her firm's representation of HCA would not influence her ability to sit as a fair and impartial juror.

"This is *not* a case wherein the prospective [juror was an employee] of appellant or any other *party* to the case. [Cits.]" *Willingham v. State*, 198 Ga. App. 178, 179 (2) (401 SE2d 63) (1990). " 'The trial judge has a discretion in determining whether a juror can decide the case in accordance with the evidence presented during the trial and without bias or partiality or outside influences. Unless there is manifest abuse we cannot require a new trial. (Cit.)' *Hill v. Hosp. Auth.*, 137 Ga. App. 633, 636 I. (1) (b) (224 SE2d 739) (1976). We find no such abuse here." *Poulnott v. Surgical Assoc. of Warner Robins, P. C.*, 179 Ga. App. 138, 139 (1) (345 SE2d 639) (1986). Consequently, this enumeration is without merit. Accord *Decubas v. Norfolk Southern Corp.*, 197 Ga. App. 768, 789 (399 SE2d 512) (1990); *Taylor v. State*, 164 Ga. App. 660 (1) (297 SE2d 755) (1982); *Southern R. Co. v. Allen*, 88 Ga. App. 435 (3) (77 SE2d 277) (1953); *Lewis v. Williams*, 78 Ga. App. 494 (2) (51 SE2d 532) (1949).

2. Because of our holding in Division 1, supra, we need not address those matters raised as error by defendant HCA of Georgia in its cross-appeal (Case No. A91A0419).

*Judgment affirmed. Birdsong, P. J., and Cooper, J. concur.*

DECIDED JUNE 24, 1991 —
RECONSIDERATION DENIED JULY 17, 1991 —

*Davis, Gregory & Christy, Hardy Gregory, Jr., The Malone Firm, Thomas W. Malone, James M. LaChance*, for Page.

*Cohen, Pollock, Cooper & Comolli, Lawrence A. Cooper*, for

Janko.

*Alston & Bird, Judson Graves, Paul J. Quiner, for HCA.*