A95A2676. BAXTER et al. v. COHEN.
(470 SE2d 450)

POPE, Presiding Judge.

In this medical malpractice case, plaintiffs Susan and Timothy Baxter alleged that defendant David Cohen, Susan Baxter's doctor, failed to properly diagnose and treat her bacterial infection and pneumonia, which developed into bacterial spinal meningitis and left Susan Baxter deaf. Defendant responded that Susan Baxter's symptoms would not have led a doctor acting within the standard of care to diagnose bacterial pneumonia and meningitis; that if there were any such symptoms, Susan Baxter failed to report them to him; and that Susan Baxter failed to follow his directions to go to a hospital. A jury trial resulted in a verdict for defendant, and plaintiffs appeal that verdict here. Concluding that the trial court erred in refusing to excuse one of the defendant doctor's current patients from the jury, we reverse.

1. In voir dire, potential juror Abercrombie revealed that she was a current patient of defendant and had been for ten years, and that her husband was also a current patient of defendant. Although defense counsel was able to elicit a positive response to a question about whether she would listen to the evidence and apply the law as the judge instructed, Abercrombie had previously acknowledged that she was not sure she could be fair, and that it would probably be tougher to prove to her that defendant had done something wrong than it would be to convince someone else.

" 'Jurors should come to the consideration of a case . . . free from even a suspicion of prejudgment or fixed opinion.' " *Ellison v. Nat. By-Products*, 153 Ga. App. 475, 476 (265 SE2d 829) (1980). It is generally within the trial court's discretion to deny a challenge for cause where the potential juror states that he or she can be objective, and we have recently held that the court did not abuse its discretion

in failing to excuse for cause jurors who were *former* patients of a defendant doctor in a medical malpractice case but who indicated they could be objective. *Luke v. Suber*, 217 Ga. App. 84, 87 (2) (456 SE2d 598) (1995), aff'd, *Suber v. Luke*, 266 Ga. 408 (467 SE2d 891) (1996).[1] See also *Hill v. Hosp. Auth. of Clarke County*, 137 Ga. App. 633, 636 (1) (b) (224 SE2d 739) (1976) (potential jurors whose family members were patients of the defendant doctor need not be excused for cause as long as they stated they could decide the case without bias).

"However, the relationship of a prospective juror to a party can be so close that, considering the nature of the case, fairness requires that the juror be discharged." *Marcin v. Kipfer*, 454 NE2d 370, 372 (Ill. App. 4th Dist. 1983). And like the courts of Illinois and Vermont, we conclude that an ongoing relationship between an individual doctor and patient is just such a relationship. See id.; *Jones v. Shea*, 532 A2d 571, 573 (Vt. 1987). " '[T]here is often a close personal relationship between physician and patient, derived, perhaps in part, from the necessity for trust and confidence upon the part of the patient in his physician's judgment.' [Cit.]" *Jones*, 532 A2d at 573. To expect a patient in this type of a relationship to objectively determine whether or not his personal physician was negligent simply ignores reality and human nature. Indeed, given the generally recognized closeness of the doctor-patient relationship, a court's refusal to excuse a current patient for cause not only is unfair to the plaintiff in that case, but makes a mockery of our judicial system in the eyes of the public. Accordingly, we hold that where a potential juror has an ongoing relationship with an individual personal physician, and that physician is the defendant in a medical malpractice action, it is error to deny a challenge for cause. *Jones*, 532 A2d at 573; *Marcin*, 454 NE2d at 372.[2]

---

[1] We note that in *Luke v. Suber*, we found the refusal to excuse even former patients for cause "troubling" and stated that "the better practice would be to eliminate defendant's former patients (and their spouses) from the panel of potential jurors if possible." 217 Ga. App. at 87.

[2] Alabama has taken a similar but slightly different approach: the existence of a current doctor-patient relationship creates a strong presumption of bias. That presumption may be rebutted through voir dire, but the simple extraction of an affirmative response at the end of a period of vacillation is not enough to rebut it. See, e.g., *Dixon v. Hardy*, 591 S2d 3 (Ala. 1991). This approach has some logical appeal, but we suspect it would be inefficient at best and extremely difficult to administer at worst. And the relatively large number of cases coming out of Alabama on the subject would seem to confirm that suspicion. The clear rule adopted by Illinois and Vermont courts — and adopted by us here — is easier to apply in addition to promoting fairness. And while it may eliminate some potential jurors unnecessarily, the Supreme Court has held that in the interest of fairness, "if error is to be committed, let it be in favor of the absolute impartiality and purity of the jurors." *Cambron v. State*, 164 Ga. 111, 114 (137 SE 780) (1927).

Of course, given the vacillation of the potential juror in this case, we would have to reverse and remand for a new trial under the Alabama approach as well.

2. Plaintiffs also contend the trial court erred in its charge on comparative negligence. The court instructed the jury as follows: "If you find that the negligence of the defendant, if any, was less than the negligence of the plaintiffs, if any, then the plaintiffs could not recover. If you find that the negligence of the defendant, if any, was equal to the negligence of the plaintiffs, if any, then the plaintiffs could not recover. If you find that the negligence of the defendant, if any, was greater than the negligence of the plaintiffs, if any, then the plaintiffs could recover but the amount of the recovery would be reduced by the degree of negligence chargeable to the plaintiffs." Defendant argued and presented evidence that Susan Baxter negligently failed to disclose symptoms which would have enabled defendant to diagnose her condition, and that to the extent Susan Baxter was unable to disclose her symptoms due to the condition she was in, Timothy Baxter was also negligent in failing to disclose Susan Baxter's symptoms on her behalf.

Plaintiffs assert that in using the plural "plaintiffs," the court's instruction on comparative negligence improperly advised the jury to impute any negligence on the part of Timothy Baxter to Susan Baxter for the purpose of comparing negligence. An instruction which groups the plaintiffs together in this way is unadvisable and would be improper in many multiple plaintiff situations, but it was not error in this case. The only evidence of negligence on the part of Timothy Baxter was testimony regarding his failure to disclose Susan Baxter's symptoms for her when she was unable to do so for herself, and while Timothy Baxter's negligence could not be imputed to Susan Baxter simply because he was her husband, see OCGA § 51-2-2, it could be imputed to her because he was her representative, see OCGA § 51-2-1.

3. Plaintiffs' remaining enumerations of error are without merit. *Judgment reversed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED MARCH 8, 1996 —
RECONSIDERATION DENIED MARCH 28, 1996 — 

*Alan Z. Eisenstein, Robert M. Goldberg*, for appellants.
*Sullivan, Hall, Booth & Smith, Henry D. Green, Jr., David V. Johnson*, for appellee.