## S96G1226. COHEN v. BAXTER.
(479 SE2d 746)

FLETCHER, Presiding Justice.

Susan and Timothy Baxter sued Dr. David Cohen for medical malpractice. The jury returned a verdict for Cohen and the Baxters appealed. The Court of Appeals reversed, holding that the trial court erred in denying a challenge for cause against a juror who was a current patient of Cohen's.[1] This Court granted certiorari and posed the following question,

> Whether the Court of Appeals properly held that it is error to deny a challenge for cause when a potential juror has an ongoing relationship with an individual personal physician, and that physician is the defendant in a medical malpractice action?

---

[1] *Baxter v. Cohen*, 220 Ga. App. 893, 894 (470 SE2d 450) (1996).

Because trial courts should retain the discretion to determine whether a juror can be impartial, we hold that the Court of Appeals erred in establishing a per se rule and we reverse.

During voir dire, juror Carol Abercrombie stated that she and her husband were current patients of Cohen's. Under questioning by plaintiff's counsel she gave some ambiguous answers to leading questions about her ability to be impartial. However, she also stated that she could follow the judge's instructions and apply the law to the facts and reach a verdict, regardless of what it was. At the beginning of jury selection, the Baxters stated that they objected to having any patients of Cohen on the panel. At the conclusion of questioning Abercrombie, the Baxters did not ask that she be dismissed for cause. The Baxters waited until 28 jurors were questioned and the rest of the panel dismissed before moving to strike Abercrombie for cause. The trial court denied the motion. The Baxters then exercised a peremptory strike to remove Abercrombie and she was not seated as a juror.

1. OCGA § 15-12-134 provides that "it shall be good cause of challenge that a juror has expressed an opinion as to which party ought to prevail or that he has a wish or desire as to which shall succeed." The trial court is required to hear evidence regarding the challenge and must rule upon the challenge "according to the opinion it entertains of the evidence." This statute reflects the reality that the trial judge is in the best position to judge the credibility of the juror and, therefore, trial courts have traditionally had significant discretion to retain or dismiss a juror.[2]

The fact that the doctor-patient relationship exists between a juror and a defendant does not justify removing this discretion from the trial courts. Trial courts are often faced with jurors who have close relationships with parties in both civil and criminal cases. We have confidence that trial courts can ascertain whether a juror is partial because of a doctor-patient relationship with a defendant just as well as the trial court can determine bias arising from other sources. A per se rule cuts too broadly and is inconsistent with the traditional discretion given trial courts in this area. Furthermore, there are various close and confidential relationships that a juror may have with a party and the establishment of a per se rule to the doctor-patient relationship will open the door to the expansion of the per se rule to these other numerous categories. Finally, a per se rule may render it extremely difficult to obtain a full panel for a medical malpractice trial in some rural counties. Therefore, we conclude that the

---

[2] *Robinson v. State*, 258 Ga. 279, 280 (368 SE2d 513) (1988); *Hill v. Hosp. Auth. of Clarke County*, 137 Ga. App. 633, 636 (224 SE2d 739) (1976) (appellate courts will reverse a trial court's decision only for a manifest abuse of discretion).

Court of Appeals erred in requiring trial courts to excuse for cause any jurors who have an ongoing relationship with a doctor who is the defendant in a medical malpractice action.

2. The law presumes that potential jurors are impartial.[3] After reviewing the record, we cannot say that the Baxters met their burden of rebutting this presumption and, therefore, the trial court did not abuse its discretion in refusing to remove Abercrombie.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 21, 1997.

*Sullivan, Hall, Booth & Smith, Henry D. Green, Jr., David V. Johnson,* for appellant.
*Alan Z. Eisenstein, Robert M. Goldberg,* for appellees.

---

[3] *Mooney v. State,* 243 Ga. 373, 388 (254 SE2d 337), cert. denied, 444 U. S. 886 (100 SC 179, 62 LE2d 116) (1979).