A98A2458. SWITZER et al. v. GORMAN.
(510 SE2d 581)

ANDREWS, Chief Judge.

Rebecca and Charles Switzer appeal from the judgment entered after a jury found for defendant Gorman on the Switzers' claim of medical malpractice. The Switzers argue on appeal that the trial court erred in not allowing them to strike a juror for cause and in not allowing certain questions on cross-examination of Gorman's expert witness. Because we find no reversible error, we affirm the judgment of the trial court.

1. First, the Switzers argue the trial court erred when it did not

---

allow them to strike for cause a prospective juror who was a patient of Dr. Gorman's. During voir dire, one of the jurors stated that he and his wife were patients of Dr. Gorman's and had been patients of his for nine or ten years. When asked if this would cause him to "lean to" the doctor's side or give Dr. Gorman the benefit of the doubt, the juror responded, "Probably." The Switzers' counsel then asked the juror: "Do you think, sir, that because of your knowledge of Dr. Gorman and that you are his patient that you would be unable to render a true verdict in this case? That is a verdict based upon just the evidence and the law as given to you by the Court; that is that you would be biased in his favor, that you would give undue weight to his side of the case." The juror replied, "Yes."

The court then asked the juror: "Mr. MacDonald, let me ask you, sir, if you are selected as a juror in this case could you base your verdict in this case solely upon the sworn testimony of witnesses who testify and the law that I give you in charge and base your verdict solely on that testimony and on the law as I have said and put any personal feelings that you might have aside?" The juror answered, "Yes, sir." The court then qualified the juror.

On appeal, the Switzers cite only to *Baxter v. Cohen*, 220 Ga. App. 893 (470 SE2d 450) (1996) in support of their position. Although the Switzers acknowledge that the Supreme Court of Georgia overruled *Baxter*, they argue that the Supreme Court did not state that the doctor-patient relationship should be ignored when determining whether a potential juror is suitable and did not disagree that the issue of fairness should be what determines the dismissal of a prospective juror.

Whether to strike a juror for cause lies within the sound discretion of the trial court. *Garland v. State*, 263 Ga. 495, 496 (435 SE2d 431) (1993). The fact that a doctor-patient relationship exists between a juror and a defendant does not justify removing the trial court's discretion on whether to retain or dismiss a juror. *Cohen v. Baxter*, 267 Ga. 422 (479 SE2d 746) (1997). In order to disqualify a juror for cause, it must be established that the juror's opinion was so fixed and definite that it would not be changed by the evidence or the charge of the court upon the evidence. *Westbrook v. State*, 242 Ga. 151, 154 (249 SE2d 524) (1978).

As discussed above, the juror stated that he could put aside his personal feelings and judge the case based on the testimony and the law as charged. Therefore, the Switzers have not established that the juror had a fixed opinion which demanded his disqualification. *Westbrook*, supra at 154. The trial court did not err in refusing to dismiss the juror for cause.

2. Next, the Switzers contend the trial court erred in not allowing counsel to cross-examine Gorman's expert witness as to

what course of treatment he personally would have recommended. The Switzers cite to no authority in support of this enumeration and we find none. Indeed, case law is to the contrary. In a case directly on point, this Court held that the trial court did not err in failing to require defendants' expert witness to answer a question as to what course of treatment he personally would have followed. *Brannen v. Prince*, 204 Ga. App. 866, 867 (421 SE2d 76) (1992). Questions on cross-examination as to what method of treatment the expert would have undertaken are not a proper means to impeach the general standard of care required of the treating physician. Id.

Here, the witness testified that Dr. Gorman complied with the relevant standard of care in his treatment of Mrs. Switzer. Any questions on cross-examination as to how he personally would have treated Mrs. Switzer were irrelevant and immaterial as not proper for impeachment. *Prince*, supra at 868.

*Judgment affirmed. Beasley, J., concurs. Ruffin, J., concurs in the judgment only.*

DECIDED DECEMBER 16, 1998.

*Hinton & Powell, Douglas R. Powell, Debra Haan*, for appellants.
*Harman, Owen, Saunders & Sweeney, Michael W. McElroy, Rolfe M. Martin*, for appellee.