A99A0691. SMITH et al. v. FOLGER.
(517 SE2d 360)

McMURRAY, Presiding Judge.

Plaintiff Franchester Smith brought this tort action seeking to recover for personal injuries she sustained when defendant Neil J. Folger allegedly "drove his motor vehicle across Highway 441 in a negligent and reckless fashion causing the two vehicles to collide." Plaintiff Lakesha Smith, a passenger in Franchester Smith's vehicle, brought her own tort action, alleging the collision caused her to "suffer[ ] physical injuries and premature childbirth. . . ." Defendant denied the material allegations of negligence, and the two cases were tried before a jury which returned defense verdicts. Plaintiffs' joint motion for new trial was denied, and this appeal followed. *Held*:

In two related enumerations of error, plaintiffs contend the trial court erred in refusing to remove juror Dunn for cause after voir dire but before trial, because juror Dunn's wife, plaintiff in an entirely separate tort action, was there represented by Edward J. Allen, Esquire, of Fortson, Bentley & Griffin, P.A., the defense counsel in this case, and further erred in overruling their motion for new trial on this ground.

It is undisputed that plaintiffs did not use a peremptory challenge to remove juror Dunn. Voir dire itself was not recorded, but at the hearing on plaintiffs' motion to excuse juror Dunn, it was agreed that, during qualification of the jurors as to the parties and their counsel, juror Dunn stated that "he didn't know whether or not . . . Fortson and Bentley was representing his wife or not, but he did realize that his wife was in litigation." Juror Dunn "was not sure if [Edward] Allen was representing [his] wife; and so when [juror Dunn] went home at lunch, [he] verified [that Allen] is representing [juror Dunn's] wife in a litigation concerning a car accident," by calling the law office. Mrs. Dunn is "the plaintiff [in that case], she was hit . . . [b]ut there is no loss of consortium." Because juror Dunn had nothing to do with his wife's lawsuit, he "thought he recognized the name [of defense counsel or his firm], but . . . wasn't sure." Juror Dunn had never visited counsel's office with his wife. The trial court inquired of juror Dunn whether the circumstance that his wife is currently being represented by counsel for this defendant "would prevent [him] from being a fair and impartial juror in the trial of this case," to which question, juror Dunn replied, "Probably not. . . . It wouldn't persuade [juror Dunn's] decision." Juror Dunn further

affirmed he could make his decision "based on the evidence and the charge of the Court, [and] not be influenced by any outside factors." In response to query by plaintiffs' counsel, juror Dunn again affirmed that he would "look at the facts and weigh [his] decision that way." The trial court denied plaintiffs' motion to remove juror Dunn from the jury.

1. We pretermit whether plaintiffs' motion to excuse or remove juror Dunn, made after voir dire was concluded but before the presentation of evidence, was timely. Consequently, plaintiffs' second enumeration is rendered moot.

2. The trial court did not err in refusing to remove juror Dunn for favor or bias.

> In all civil cases, it shall be good cause of challenge that a juror has expressed an opinion as to which party ought to prevail or that he has a wish or desire as to which shall succeed. Upon challenge made by either party upon either of these grounds, it shall be the duty of the court to hear the competent evidence respecting the challenge as shall be submitted by either party, the juror being a competent witness. The court shall determine the challenge according to the opinion it entertains of the evidence adduced thereon.

OCGA § 15-12-134. In the case sub judice, plaintiffs' challenge is based upon the suspicion that juror Dunn harbors the wish or desire that defendant prevail, on the ground that his wife is represented in a separate lawsuit (to which Mr. Dunn is not a party) by defense counsel in the instant tort action.

> Jurors may be challenged, *propter affectum*, for suspicion of bias or partiality. This may be either a principal challenge, or to the favor. A principal challenge is such, where the cause assigned carries with it *prima facie* evident marks of suspicion, either of malice or favor, as that a Juror is of kin to either party within the [prohibited] degree; that he has been [an] arbitrator on either side; that he has an interest in the cause; that there is an action depending between him and the party; that he has taken money for his verdict; that he has formerly been a Juror in the same cause; that he is the party's master, servant, counsellor, steward or attorney, or of the *same society* or *corporation* with him — all these are principal causes of challenge, which, if true, cannot be overruled, for Jurors must be *omni exceptione majores* [above all challenge]. 3 Bl. Com. 363.

(Emphasis in original.) *Mayor &c. of Columbus v. Goetchius*, 7 Ga.

139, 142 (1) (1849). In the case sub judice, Mr. Dunn explained he had no interest in his wife's case, and that he would render a verdict in this case based upon the evidence and the charge of the court. In our view, this juror was not disqualified, due to his wife's representation by defense counsel in a separate civil matter, under OCGA § 15-12-134 or § 15-12-135 (a). The trial court did not err in failing to remove this qualified juror. *Ford v. Saint Francis Hosp.*, 227 Ga. App. 823, 828 (5) (490 SE2d 415). Compare *Glover v. Maddox*, 100 Ga. App. 262, 265 (5) (111 SE2d 164) (reversible error to deny new trial where prospective juror, who later serves, fails to inform counsel for losing party that he personally had been represented by opposing counsel).

*Judgment affirmed. Andrews and Ruffin, JJ., concur.*

DECIDED MAY 4, 1999.

*I. Kenneth Dious*, for appellants.
*Fortson, Bentley & Griffin, J. Edward Allen, Jr.*, for appellee.