### S01G1569. KIM v. WALLS.
(563 SE2d 847)

THOMPSON, Justice.

In *Walls v. Kim*, 250 Ga. App. 259 (549 SE2d 797) (2001), the Court of Appeals held that the trial court abused its discretion in refusing to excuse for cause a prospective juror who indicated bias in favor of one party to the litigation. We granted certiorari, and for the reasons which follow, we affirm.

During voir dire, a member of the venire acknowledged that she was a registered nurse who worked in hospital emergency rooms, that she was employed at the hospital where defendant Dr. Tae Won Kim worked, and that she had worked with defendant previously in that hospital's emergency room. This ongoing relationship, she admitted, would "probably" color her view of which party ought to prevail. She further acknowledged her belief that the scales are not equally balanced because of her professional relationship with Dr. Kim. Plaintiff's counsel moved to strike the juror for cause, based on those responses. At the request of defendant's counsel, the court posed a "rehabilitation" question, as follows:

> After all the facts are in and you have the law as given you in charge, can you set aside your personal feelings and make a decision in this case which speaks the truth based upon the evidence that you've heard, setting aside your preconceived notions, and deciding this case solely upon the evidence and the law as given you in charge?

The juror responded affirmatively to the court's inquiry; however, in response to a subsequent question posed by defendant's counsel, she again affirmed that she did not view the parties equally or neutrally "because I know Dr. Kim; I mean, I've worked with him, met him. I've never met the [plaintiff]." Plaintiff's counsel attempted to inquire further concerning the juror's conflicting responses, but the court curtailed further inquiry. The jury returned a verdict in favor of Dr. Kim.

OCGA § 15-12-134 provides:

> In all civil cases it shall be good cause of challenge that a juror has expressed an opinion as to which party ought to prevail or that he has a wish or desire as to which shall suc-

ceed. Upon challenge made by either party upon either of these grounds, it shall be the duty of the court to hear the competent evidence respecting the challenge as shall be submitted by either party, the juror being a competent witness. The court shall determine the challenge according to the opinion it entertains of the evidence adduced thereon.

There is no specific test for the disqualification of a juror for favor in a civil context as there is in a criminal one.[1] In both civil and criminal contexts, however, the trial judge "is the only person in a courtroom whose primary concern, indeed primary duty, is to ensure the selection of a fair and impartial jury." *Walls*, supra at 260. Because of this, trial courts have broad discretion to evaluate and rule upon a potential juror's impartiality, based upon "the ordinary general rules of human experience," *Daniel v. Bi-Lo*, 178 Ga. App. 849, 850 (1) (344 SE2d 707) (1986), and a trial court may only be reversed upon a finding of "manifest abuse" of that discretion. *Speed v. State*, 270 Ga. 688, 691 (7) (512 SE2d 896) (1999).

Yet the potential impact of juror bias must not be underestimated.

Running through the entire fabric of our Georgia decisions is a thread which plainly indicates that the broad general principle intended to be applied in every case is that each juror shall be so free from either prejudice or bias as to guarantee the inviolability of an impartial trial. . . . [I]f error is to be committed, let it be in favor of the absolute impartiality and purity of the jurors.

*Cambron v. State*, 164 Ga. 111, 113-114 (137 SE 780) (1927). Thus, when a prospective juror has a relationship with a party to the case that is either close or subordinate, or one that suggests bias, the trial court must do more than "rehabilitate" the juror through the use of any talismanic question. The court is statutorily bound to conduct voir dire adequate to the situation, whether by questions of its own or through those asked by counsel.

In the present case, the prospective juror expressed partiality in

---

[1] OCGA § 15-12-164 (a) sets out the test for disqualification for favor applicable exclusively in criminal felony cases. On voir dire, the following inquiry must be made: (1) "Have you, for any reason, formed and expressed any opinion in regard to the guilt or innocence of the accused?" If the juror answers the first question in the negative, the juror must then be asked: (2) "Have you any prejudice or bias resting on your mind either for or against the accused?" If the second question results in a negative response, the juror must be asked: (3) "Is your mind perfectly impartial between the state and the accused?" And when the death penalty is in issue, the juror must also be asked: (4) "Are you conscientiously opposed to capital punishment?"

favor of the defendant because of the nature of her professional relationship with him. Though we do not see this interest as necessarily or categorically requiring her exclusion from the jury, we do see this interest as requiring the trial court to conduct voir dire of sufficient scope and depth to ascertain any partiality. *Speed,* supra; OCGA § 15-12-134. To assist the court in accomplishing this task, counsel should be given the "broadest of latitude" in questioning prospective jurors who have expressed interest or bias. *White v. State,* 230 Ga. 327, 336 (5) (196 SE2d 849) (1973). Because the trial court failed to allow plaintiff's counsel to develop competent evidence as to bias as required by statute, and itself conducted only a cursory, inadequate rehabilitation of the juror, we hold that the court abused its broad discretion in qualifying the juror. See *Westbrook v. State,* 242 Ga. 151 (3) (249 SE2d 524) (1978).

In *Cohen v. Baxter,* 267 Ga. 422 (479 SE2d 746) (1997), we rejected a bright-line or per se rule that excluded a class of persons from jury duty based, in that instance, on the existence of a doctor-patient relationship. We also admonished that the creation of such a rule under those circumstances, would "open the door to the expansion of the per se rule to . . . other numerous categories." Id. at 423. The dissent in *Walls,* supra, suggests that the majority, likewise, created a per se rule requiring the exclusion of an entire class of jurors who have an employment relationship with a party to the lawsuit. *Walls,* supra (Ruffin, J., dissenting). If that were so, *Walls,* supra, would contravene our ruling in *Cohen,* supra, that "a per se rule cuts too broadly and is inconsistent with the traditional discretion given trial courts in this area." Id. at 423. Therefore, to the extent that *Walls,* supra, can be read to advocate such a per se rule, it is expressly disapproved.

Our holding today in no way modifies our adherence to the fundamental principle that "[t]he law presumes that potential jurors are impartial," *Cohen,* supra at 424, and that the burden of proving partiality still rests with the party seeking to have the juror disqualified. OCGA §§ 15-12-133; 15-12-163. Nor do we in any way limit the extremely broad discretion of trial courts in deciding whether to exclude a juror for cause once an adequate inquiry has been conducted. See *Johnson v. State,* 262 Ga. 652 (2) (424 SE2d 271) (1993). We simply conclude that when voir dire questioning is curtailed as it was here, the process fails to achieve its purpose of ferreting out bias, and an abuse of discretion results.

*Judgment affirmed. All the Justices concur, except Fletcher, C. J., and Hunstein, J., who concur specially.*

CARLEY, Justice, concurring.

I agree with the majority that the opinion of the Court of

Appeals in this case should not be read as establishing a per se rule excluding a class of jurors who have an employment relationship with a party to the lawsuit. I can join the majority because its opinion does not purport to change the rule that "a trial court should not be prohibited from asking prospective jurors questions which might lead to their rehabilitation. [Cit.]" *Beasley v. State*, 269 Ga. 620, 625-626 (14) (502 SE2d 235) (1998).

FLETCHER, Chief Justice, concurring specially.

I concur in the majority's affirmance of the Georgia Court of Appeals. I write separately because I believe that the well-reasoned opinion of the Court of Appeals did not establish a per se rule and is not contrary to the opinion I authored in *Cohen v. Baxter*.[2] Furthermore, I disagree with the majority that the trial court prevented the plaintiff from developing competent evidence of bias. The Court of Appeals was correct that the responses given by the juror were sufficient to show that the trial court abused its discretion in failing to excuse the juror for cause.

I am authorized to state that Justice Hunstein joins in this special concurrence.

DECIDED MAY 13, 2002.

*McCall, Finney & Phillips, Walter E. McCall, Paul G. Phillips*, for appellant.

*Mathis, Cannon & Cormack, Billy C. Mathis, Jr., Del Percilla, Jr.*, for appellee.

*Webb, Carlock, Copeland, Semler & Stair, Thomas S. Carlock, Butler Wooten Overby Fryhofer Daughtery, James E. Butler, Jr., Joel O. Wooten, Jr., Thomas W. Malone*, amici curiae.

[2] 267 Ga. 422 (479 SE2d 746) (1997).