## A02A1356. HARRIS v. MOSS.
(565 SE2d 868)

ELDRIDGE, Judge.

Vicki Ann Harris was injured by Kimberly Joyanna Moss in a rear-end collision at the intersections of Colonial Parkway and Clifton Springs Road in DeKalb County. Neck surgery resulted, and Harris filed suit. Following a trial, a jury returned a verdict in favor of Harris in the amount of $35,150. Harris filed a motion for new trial. Upon review of the evidence, the trial court determined that "the jury's award of damages was clearly so inadequate as to be inconsistent with the preponderance of evidence and that [Harris] is entitled to an additur of $10,000, which would bring the total judgment to $45,150." The trial court then held that, "Should [Moss] object to the additur of $10,000, [Harris] shall receive a new trial based upon the verdict being contrary to the weight of the evidence." Moss did not object to the additur. Harris appeals the trial court's order and seeks a new trial. *Held*:

In her sole claim of error, Harris contends the trial court erred by failing to remove for cause a prospective juror, Ms. Burnett. In

---

[4] *Jackson v. State*, supra at 261.

that regard, the law presumes that potential jurors are both fair and impartial, and Harris bears the burden of rebutting that presumption.[1] "The trial judge has a discretion in determining whether a juror can decide the case in accordance with the evidence presented during the trial and without bias or partiality or outside influences. Unless there is manifest abuse we cannot require a new trial."[2]

In this case, prospective juror Burnett stated that her husband had an experience with a personal injury lawsuit that affected him indirectly in his workplace and that such experience caused her to "worry about what effect that's [a damages award] going to have on the person that has to come up with that." However, Burnett was very clear that she "could be as fair as anybody else." While Burnett stated that she could "be totally fair, but I don't know how impartial I could be," she also clearly stated that she would do exactly what the trial court instructed when deciding upon any damages award, regardless of her personal feelings:

> If you say that I am supposed to do something, I will do it because that is the way the system works. I think we all do things in our lives and we have regrets and feelings about them, and I would have feelings about a very high award to anybody on any sort of circumstances. I think the system sometimes goes overboard. And I would hate to see that happened in a case I was involved with. But I will go by the law because I am a citizen.

Upon review, the thrust of Burnett's voir dire responses was that she would be as fair and impartial as she could possibly be and would follow the trial court's instructions.

> A prospective juror's doubt as to his or her own impartiality does not demand as a matter of law that he or she be excused for cause. Nor is excusal required when a potential juror expresses reservations about his or her ability to put aside personal experiences. A conclusion on an issue of bias is based on findings of demeanor and credibility which are peculiarly in the trial court's province, and those findings are to be given deference.[3]

---

[1] See *Stewart v. Stewart*, 240 Ga. App. 573, 577 (3) (524 SE2d 267) (1999).

[2] (Citations and punctuation omitted.) *Pavamani v. Cole*, 215 Ga. App. 594, 595 (5) (451 SE2d 795) (1994).

[3] (Citations and punctuation omitted.) *Upshaw v. State*, 249 Ga. App. 741, 743 (1) (549 SE2d 526) (2001).

Accordingly, based on the totality of the responses, we cannot say the trial court manifestly abused its discretion by failing to strike prospective juror Burnett for cause.[4]

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED MAY 23, 2002.

*Moss & Rothenberg, Robert A. Moss, Jeffrey P. Rothenberg*, for appellant.

*Chambers, Aholt & Rickard, Ian R. Rapaport*, for appellee.

---

[4] Our decision in *Walls v. Kim*, 250 Ga. App. 259 (549 SE2d 797) (2001), relied upon by Harris, does not require a different result. In *Walls*, the prospective juror at issue had a personal interest in the result due to a personal relationship with one of the parties. Accord *Mulvey v. State*, 250 Ga. App. 345, 348 (3) (551 SE2d 761) (2001). That is not the case here.