A07A0320. ABDELAAL et al. v. THE GREENS AT WINDY HILL, L.P. et al.

(646 SE2d 474)

MIKELL, Judge.

Janice and Ismail Abdelaal appeal from the denial of their motion for a new trial following a defense verdict entered in their premises liability action against The Greens at Windy Hill, L.P. ("The Greens"), and others who owned and managed The Greens at Windy Hill apartment complex. The cause was tried before a judge and jury in the State Court of Fulton County.

Mrs. Abdelaal was raped in her apartment on July 18, 2000, and she alleged that the assailant was able to enter through a sliding glass door because the lock was broken. She further alleged that she had repeatedly asked the management of the complex to fix the lock and that the defendants' failure to do so rendered them liable for failing to keep the premises safe. On appeal, the Abdelaals assert that the trial court erred in refusing to excuse a juror for cause after the

juror realized that he was acquainted with a defense witness. Because the trial court did not abuse its discretion in determining that the juror was impartial, we affirm.

The excerpt of the trial transcript that has been included in the record on appeal shows that after the jury was selected, juror no. 6 delivered a note to the court indicating that he was acquainted with a witness for The Greens, Elizabeth Whitener. The juror had not realized that he knew the witness until after jury selection because she initially was identified by her maiden name. At this time, two jurors had already been excused, and only eleven jurors remained. The trial court summoned the juror, who explained that the witness worked as a service person at the dealership where he and his wife brought his car for servicing. He stated that their car had been at the dealership so frequently that

> we've developed more than just a service relationship. . . . [M]y wife had a difficult pregnancy last year, and she actually sent us a card congratulating us on the birth of our child which is . . . why I considered her an acquaintance. Other than that I've never been in her house. I don't socialize with her outside of taking the car to the dealership.

The trial court asked whether counsel had any questions for the juror. Plaintiffs' counsel stated that he had no questions. The court asked the juror whether his acquaintance with the witness would affect the way he viewed the case and whether he could be impartial. The juror replied, "Yes, I believe I can." When asked again if he could lay aside any particular bias, the juror stated, "Well I don't know her that well. Yes, she's been very kind to us. I don't know what her . . . exact role is going to be here, so I'm not a hundred percent sure as to how that is going to affect my judgment, but I would certainly try." The trial court again asked whether counsel wished to ask the juror any questions. None were raised. After the juror returned to the jury room, plaintiffs' counsel remarked that he believed the trial court's questions were sufficient and that he did not want to "delve more into any prejudice or not, because I don't want to end up questioning him if he ends up staying" on the jury. However, counsel moved to excuse the juror for cause. The trial court denied the motion, finding no basis upon which to disqualify the juror.

On appeal, the Abdelaals contend that the juror should have been excused for cause because he expressed an inability to be fair regarding a party and critical witness for The Greens. Under OCGA § 15-12-134, a "challenge for favor" may be asserted in a civil case when "a juror has expressed an opinion as to which party ought to prevail or that he has a wish or desire as to which shall succeed."

When a challenge is made upon either of these grounds, the court must conduct an inquiry to ascertain any partiality.[1] Plaintiffs argue that Whitener was a party in the case because she was The Greens' corporate representative and was called to answer allegations concerning altered documents. Plaintiffs further allege that Whitener was a critical witness because she was the assistant property manager at the time of the rape, was one of only two employees of The Greens on the premises at the time, and was the first employee to enter the plaintiffs' apartment after the rape. We cannot consider these factual allegations, however, because they do not appear in the excerpt of the trial transcript included in the record on appeal. "Allegations of facts appearing only in the briefs and unsupported by evidence in the record will not be considered on appellate review."[2]

Furthermore, pretermitting any issue regarding our inability to consider certain alleged facts, we find no error. Once the trial court has conducted an adequate inquiry into the juror's partiality, the court's discretion in deciding whether to excuse the juror for cause is "extremely broad,"[3] and the court's decision may only be reversed upon a finding of "manifest abuse" of that discretion.[4] "A conclusion on an issue of bias is based on findings of demeanor and credibility which are peculiarly in the trial court's province, and those findings are to be given deference."[5]

In the case at bar, plaintiffs' counsel admitted that he believed the trial court's questions were sufficient. During the court's inquiry, the juror stated that he did not know the witness very well and expressed his belief that he could be impartial. Although the juror was not absolutely certain how his relationship with the witness would affect his judgment, "[a] prospective juror's doubt about his or her own impartiality does not demand as a matter of law that he or she be excused for cause."[6] Such action is required only if the juror "holds an opinion so fixed and definite that he or she will be unable to set it aside and decide the case based on the evidence and the court's

---

[1] OCGA § 15-12-134. See also *Kim v. Walls*, 275 Ga. 177, 179 (563 SE2d 847) (2002).

[2] (Citation and punctuation omitted.) *Outlaw v. Nasworthy*, 250 Ga. App. 362, 366 (3) (551 SE2d 785) (2001). This rule applies to allegations of facts in unverified pleadings and, presumably, motions as well, precluding our consideration of references to the evidence contained in the motion for a new trial. See *Behar v. Aero Med Intl.*, 185 Ga. App. 845, 847 (1) (366 SE2d 223) (1988).

[3] *Kim*, supra at 179.

[4] Id. at 178.

[5] (Citation omitted.) *Holmes v. State*, 269 Ga. 124, 126 (2) (498 SE2d 732) (1998).

[6] (Punctuation and footnote omitted.) *Elliott v. Home Depot U.S.A.*, 275 Ga. App. 865, 867 (2) (622 SE2d 77) (2005).

charge on the evidence."[7] Moreover, "[t]he law presumes that potential jurors are impartial,"[8] and the burden of proving partiality lies with the party requesting that the juror be excused.[9] Accordingly, the plaintiffs bore the burden of proving that the juror in this case held a fixed or definite opinion that he was unable to set aside and that he could not decide the case based on the evidence and the court's instructions.[10] As we cannot say that the partial transcript shows that the plaintiffs met this burden, the trial court did not abuse its discretion in refusing to excuse the juror for cause.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED MAY 11, 2007.

*Fleming, Fried & Bonder, David S. Fried,* for appellants.
*Goodman, McGuffey, Lindsey & Johnson, Samantha R. Johnson, Robert M. Darroch, Stephanie F. Glickauf,* for appellees.

---

[7] (Footnote omitted.) Id.

[8] (Footnote omitted.) *Cohen v. Baxter,* 267 Ga. 422, 424 (2) (479 SE2d 746) (1997).

[9] *Kim,* supra at 179. Accord *Elliott,* supra.

[10] See *Moore v. Moore,* 281 Ga. 81, 84 (4) (635 SE2d 107) (2006).