## S02A0771. DAVIS v. THE STATE.
(570 SE2d 305)

HINES, Justice.

Willie James Davis appeals from his convictions for felony murder, aggravated assault, simple assault, and possession of a firearm during the commission of a crime, all in connection with the death of Crystal Harris. For the reasons that follow, we affirm.[1]

Construed to support the verdicts, the evidence showed that

---

[1] Harris was killed on April 7, 2000. On August 7, 2000, a Muscogee County grand jury indicted Willie James Davis "a/k/a Mike a/k/a Fredrick Leon Davis" in case number SU00CR-1033 for aggravated assault against Crystal Harris, three counts of possession of a firearm during the commission of a crime, two counts of possession of a firearm by a convicted felon, malice murder, and aggravated assault against Mary Harris. On September 12, 2000, Davis was indicted in case number SU00CR-2159 for two counts of aggravated assault against Crystal Harris, one count of aggravated assault against Mary Harris, malice murder, felony murder in the commission of aggravated assault, four counts of possession of a firearm in the commission of a crime, and possession of a firearm by a convicted felon. The State pursued prosecution under indictment SU00CR-2159. Davis was tried before a jury on October 11-12, 2000, and found guilty of simple assault as a lesser included offense of one count of aggravated assault against Crystal Harris, and guilty on all other charges in the indictment except possession of a firearm by a convicted felon, which was not presented to the jury. On October 12, 2000, Davis was sentenced as a recidivist to life imprisonment without the possibility of parole for felony murder, twelve months in prison for simple assault, twenty years in prison for aggravated assault against Crystal Harris, twenty years in prison for aggravated assault against Mary Harris, and five years in prison on each of two counts of possession of a firearm during the commission of a crime, all terms to be served consecutively. The court also declared that the malice murder merged into the felony murder, that one count of possession of a firearm during the commission of a crime merged with one of the charges for that crime upon which a sentence was imposed, and that there was a directed verdict of acquittal on one count of possession of a firearm during the commission of a crime. On October 20, 2000, the court resentenced Davis to life in prison for malice murder, and declared that the aggravated assault against Crystal Harris for which Davis had previously been sentenced merged into the malice murder; the felony murder stood vacated by operation of law. See *Malcolm v. State*, 263 Ga. 369, 371-374 (4), (5) (434 SE2d 479) (1993). On October 30, 2000, an order of nolle prosequi was entered on the charge of possession of a firearm by a convicted felon in indictment SU00CR-2159; that same day, an order of nolle prosequi was entered on the indictment in SU00CR-1033. Davis moved for a new trial on October 25, 2000, which was denied on December 14, 2001. He filed a notice of appeal on January 9, 2002, his appeal was docketed in this Court on February 6, 2002, and submitted for decision on April 1, 2002.

prior to Harris's death, she and Davis and had been sexually involved for some time, and they had a son, who was 15 months old at the time of Harris's death. Early on the morning of the shooting, Davis threw a rock through the window of Harris's home and threatened Harris, stating that he was going to "get her." At one point during the day, Davis walked up to Harris's house, displayed a pistol, and told Harris's ten-year-old cousin to tell Harris that if he did not get their baby, he would shoot her. Harris got into a car. Davis walked toward the car and said, "see what this bitch can make you do?" Davis then pointed the pistol at Harris in the moving car and shot several blank shots. Later, Davis told others that he was going to kill Harris and "have a murder charge on him." He demonstrated to one witness how he was going to hold Harris next to him and shoot her in the head.

Davis returned to Harris's house. Several people were outside the house and Davis displayed a pistol. He went inside the house, removed the baby, and went to the edge of the driveway. Harris came out of the house and told Davis not to take their son. While holding the baby in one hand and the pistol in the other, Davis pointed the pistol at Harris's right temple and fired from a distance of one or two inches. Harris fell to the ground. Davis said that Harris was "all right" and "nudged" her with his feet. He then walked away. He also pointed the pistol at the head of Harris's sister, telling her to go away. Before the shooting, Davis had told a neighbor of Harris's that he might kill Harris. After the shooting, Davis told the neighbor: "I did it. I did it."

In his sole enumeration of error, Davis asserts that the evidence is insufficient to authorize the jury to find him guilty of the crimes of which he was convicted. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Davis testified that he was holding the baby when Harris approached, took a pistol from behind her back, placed it to her head, and that Davis was trying to "block" the pistol with his hand. He also denied telling anyone that he was going to kill Harris and testified that during the incident in which he pointed a pistol at Harris while she was in the car and shot blanks, it was merely a child's toy cap pistol, and that he was trying to get Harris's attention.

In particular, Davis argues that the evidence against him was completely circumstantial and did not exclude every reasonable hypothesis save that of his guilt. See OCGA § 24-4-6. However, eyewitnesses testified that Davis held the pistol, deliberately pointed it at Harris, and fired. This evidence is direct, not circumstantial. See OCGA § 24-1-1 (3) & (4); *Landers v. State*, 270 Ga. 189, 191 (3) (508 SE2d 637) (1998). Further,

questions as to the reasonableness of hypotheses are gener-

ally to be decided by the jury which heard the evidence and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, that finding will not be disturbed unless the verdict of guilty is insupportable as a matter of law. [Cit.]

*Robbins v. State*, 269 Ga. 500, 501 (1) (499 SE2d 323) (1998).

Davis also argues that he is the only person alive who was immediately present at the shooting and that his version of events was not contradicted beyond a reasonable doubt. However, his testimony simply created a conflict with the testimony of other witnesses who gave different versions of events. "It is the jury's role to resolve conflicts in the evidence and determine the credibility of witnesses." *Watkins v. State*, 273 Ga. 307, 309 (1) (540 SE2d 199) (2001). The evidence in this case authorized the jury to find Davis guilty of all of the crimes of which he was convicted. *Jackson v. Virginia*, supra.

*Judgments affirmed. All the Justices concur.*

DECIDED SEPTEMBER 30, 2002 —
RECONSIDERATION DENIED OCTOBER 25, 2002.

*William J. Mason*, for appellant.

*J. Gray Conger, District Attorney, Julia Anne Slater, Assistant District Attorney, Thurbert E. Baker, Attorney General, Ruth M. Bebko, Assistant Attorney General*, for appellee.