A03A0220. PARK v. THE STATE.
(581 SE2d 393)

SMITH, Chief Judge.

Hun Goo Park was convicted by a jury of false imprisonment, aggravated assault, aggravated stalking, and battery, offenses of which his wife and his wife's daughter were the victims. Following the denial of his amended motion for new trial, Park appeals, contending that the trial court erroneously failed to excuse a juror for cause. We agree and reverse.

1. Park sought to excuse for cause juror number 7, a retired police officer. During individual voir dire, defense counsel noted that he "had asked if there was anyone who felt that . . . the presumption of innocence shouldn't apply, something along those lines. And I had written down that you presumed at this point that Mr. Park was guilty?" The juror promptly responded, "Yes, I do." The trial court then stated to the juror,

[Y]ou seem pretty clear on that, and certainly you're familiar with the criminal justice system, so let me just ask you,

---

[8] See *Royal Globe Indem. Co. v. Thompson*, 123 Ga. App. 268 (1) (180 SE2d 576) (1971) (notice to employer serves as notice to insurer).

[9] See id.

are you telling the Court that you cannot, if you're selected on this jury, that you're not going to be able to listen to the evidence and make a decision based on that evidence?

The juror replied that he could make "a decision with anything. I'm just familiar with the past, with the number of domestic calls that I've handled over the years where Asian families have been involved beating up their children with canes, and their wives at the same time because that was a custom. And I have — I guess you could say I have a bias against that." He then added, "But I can honestly sit there and make a rational decision of guilt or innocence, yes."

The trial court attempted to "clarify" the juror's statements, stating that it was "certainly in no way trying to pressure you or make you give me any particular answer." In response to the trial court's brief questions, the juror stated that he "would not have any problem" applying the presumption of innocence and could make a decision based solely on the evidence presented in the courtroom and the instructions by the court. Park challenged this juror for cause. The trial court refused to strike the juror, finding that the juror "corrected his statement" and "made it clear that he could be fair." The court found that the juror "did not mean to say that he could not be a fair and impartial juror. That is how I interpreted his comments." In addition, the trial court found that the juror exhibited a "voluntary . . . change of tone" after first stating that he presumed Park was guilty and that the juror appeared to have "misunderstood or misinterpreted the question."

Trial judges are vested with "broad discretion to evaluate and rule upon a potential juror's impartiality, based upon the ordinary general rules of human experience." (Citation and punctuation omitted.) *Kim v. Walls*, 275 Ga. 177, 178 (563 SE2d 847) (2002). This is because in all jury trials, "the trial judge is the only person in a courtroom whose primary concern, indeed primary duty, is to ensure the selection of a fair and impartial jury." (Citation and punctuation omitted.) Id. Only upon a finding of " 'manifest abuse' " of discretion may a trial judge's decision concerning juror qualification be reversed. Id.

But even given this latitude,

the potential impact of juror bias must not be underestimated. Running through the entire fabric of our Georgia decisions is a thread which plainly indicates that the broad general principle intended to be applied in every case is that each juror shall be so free from either prejudice or bias as to guarantee the inviolability of an impartial trial. If error is to

> be committed, let it be in favor of the absolute impartiality
> and purity of the jurors.

(Citation and punctuation omitted.) *Kim*, supra at 178. If a juror shows bias toward a defendant or a party, "the trial court must do more than 'rehabilitate' the juror through the use of any talismanic question." Id.

Despite the juror's candid admissions of his preconceived assumption about Park's guilt and his bias against individuals of Asian descent, the trial court "rehabilitated" the juror through only a brief series of questions. In response to the trial court's cursory inquiry, the juror indicated he could apply the presumption of innocence and decide Park's guilt based on the evidence and instructions. But a juror's own opinion of his ability to be impartial "is by no means determinative" of the disqualification issue. *Jones v. State*, 232 Ga. 324, 330 (206 SE2d 481) (1974). See also *Lively v. State*, 262 Ga. 510, 511 (421 SE2d 528) (1992). Indeed, jurors who have expressed a bias may well mistakenly believe they "can set aside their preconceptions and inclinations — certainly every reasonable person wants to believe he or she is capable of doing so." *Foster v. State*, 258 Ga. App. 601, 605 (574 SE2d 843) (2002).

Here, we cannot agree with the trial court that the juror "misunderstood" the questions propounded to him. The juror unequivocally agreed with defense counsel that he presumed Park was guilty, and he elaborated on his reasons for his admitted bias: his experience as a police officer with violent acts committed by Asian men on their wives and children. As pointed out by Park on appeal, "[t]hose are the exact facts alleged" against him. The juror's reply that he could make a decision based solely on the evidence and instructions was prompted only by the trial court's short inquiry. No explanation by the juror followed that might have demonstrated the reasons he could be fair; in contrast, the juror clearly explained the reasons for his assumption of Park's guilt.

"When ruling on a potential juror's qualifications, the trial court must make a factual determination based on all the circumstances known to the court, including, but not limited to, the juror's own opinion of his impartiality." *Lively*, supra at 511. Here, given the juror's work experience, his bias, and his admitted preconceived assumption about Park's guilt, we conclude that the record does not support the trial court's refusal to strike the juror for cause, and the trial court's discretion was manifestly abused with respect to this issue. Consequently, we must reverse. Compare *Thomas v. State*, 257 Ga. App. 350 (571 SE2d 178) (2002) (refusal to strike upheld where potential jurors did not suggest that they had already formed opinions as to defendant's guilt). As we stated in *Cannon v. State*, 250 Ga.

App. 777, 780 (1) (552 SE2d 922) (2001), overruled on other grounds, *Jackson v. State*, 254 Ga. App. 562, 566-567 (4) (562 SE2d 847) (2002), "[w]e deplore the significant burden a retrial will impose," not only on the victims and their family, but on the community as well. "We are particularly troubled by the trial court's willingness to infect a trial with this kind of error when a solution (excusing the juror for partiality) was so readily available." *Cannon*, supra at 780.

We note the State's argument that Park was not harmed by the trial court's refusal to strike the juror for cause, because Park himself struck the juror and had two peremptory strikes remaining after the jury was impaneled. But a defendant's use of peremptory strikes can play no part in a determination of whether harm was caused by a trial court's failure to strike an unqualified juror. *Wallace v. State*, 275 Ga. 879, 881 (3) (572 SE2d 579) (2002).

2. Because a rational trier of fact was authorized to convict Park under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the case can be retried. See *Lively*, supra at 512.

*Judgment reversed. Ruffin, P. J., and Miller, J., concur.*

DECIDED APRIL 15, 2003.

*Michael M. Sheffield*, for appellant.
*Daniel J. Porter*, District Attorney, *Jennifer Kolman*, Assistant District Attorney, for appellee.