## A07A0841. McGUIRE v. THE STATE.
(653 SE2d 101)

ADAMS, Judge.

Larry McGuire was convicted by a jury of rape, aggravated sodomy and assault. He appeals following the denial of his motion for new trial, enumerating as error the trial court's failure to strike five jurors for cause.

1. McGuire first challenges the failure to strike Juror No. 2. The transcript shows the following as to this issue: Juror No. 2 was first questioned by the State after she indicated she would "find it difficult" to sit in judgment of another person. However, when asked if she could concern herself only with the facts and evidence and not punishment if so instructed by the judge, she responded "I would have to."

Subsequently, defense counsel questioned Juror No. 2 because she had also indicated she would be troubled by the defendant's right to remain silent. As to that issue, the following exchange took place between defense counsel and Juror No. 2:

> Defense Counsel: All right. In regards to the question I asked regarding someone's right to remain silent, I think you raised your hand in response to that question that would trouble you?
> Juror No. 2: Yes.
> Defense Counsel: In what way?
> Juror No. 2: I just feel like if they don't have anything to hide, they'll stand up and tell you.
> Defense Counsel: Okay. What if Judge Barnes instructed you that the burden of proof is always in a criminal case on the State and that the defense actually doesn't have to prove anything, would you be able to follow Judge Barnes' instruction?
> Juror No. 2: I haven't heard the case yet, so I couldn't say honestly.
> Defense Counsel: Right. But are you coming in with a preconceived notion that the defense has to prove something to you or would you be able to follow the judge's instructions on the law that the State has the burden of proof in a criminal case beyond a reasonable doubt?
> Juror No. 2: I can't answer that truthfully.

The transcript further indicates that when defense counsel moved to strike Juror No. 2 based on these responses, the State argued that her "last statement" on whether she could follow the trial court's instructions was that "she would have to." The trial court then

summarily denied the motion to strike. But, as indicated above, the response the State referred to concerned the juror's ability to sit in judgment of another person. Juror No. 2 never indicated she could set aside her opinion of guilt if the defendant did not testify and could not answer truthfully that she could follow the judge's instructions that the burden of proof was on the State and not on the defendant.

> Only upon a finding of "manifest abuse" of discretion may a trial judge's decision concerning juror qualification be reversed. [*Kim v. Walls*, 275 Ga. 177, 178 (563 SE2d 847) (2002).] But even given this latitude, the potential impact of juror bias must not be underestimated. Running through the entire fabric of our Georgia decisions is a thread which plainly indicates the broad general principle intended to be applied in every case is that each juror shall be so free from either prejudice or bias as to guarantee the inviolability of an impartial trial. If error is to be committed, let it be in favor of the absolute impartiality and purity of jurors. (Citation and punctuation omitted.) *Kim*, supra at 178.

(Punctuation omitted.) *Park v. State*, 260 Ga. App. 879, 880-881 (581 SE2d 393) (2003).

Here we are forced to conclude that the trial court abused its discretion in failing to strike Juror No. 2 for cause. The trial court never questioned the juror and the juror never gave an affirmative response that she would be able to follow the court's instructions that the State had to prove McGuire's guilt beyond a reasonable doubt and that he had no burden to put forth proof of his innocence. McGuire is thus entitled to a new trial on this basis. *Maxwell v. State*, 282 Ga. 22, 25-26 (2) (644 SE2d 822) (2007).

2. Based on the foregoing, it is unnecessary for us to consider whether the trial court erred in refusing to strike other jurors for cause.

*Judgment reversed. Andrews, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 10, 2007.

*Carl P. Greenberg*, for appellant.

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.