## A08A2197. BROWN v. THE STATE.
(672 SE2d 514)

PHIPPS, Judge.
A jury found David Brown guilty of child molestation, committed by exposing his penis to Y. K. with the intent to arouse and satisfy his sexual desires. On appeal, Brown challenges the sufficiency of the evidence. Because the evidence was sufficient, we affirm.

When a criminal defendant challenges the sufficiency of the evidence to support his conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1]

The evidence showed that on May 2, 2006, Y. K.'s grandmother arranged for Brown, whom she had known for six years and had come to trust, to wait at her home for Y. K. to arrive from school and then babysit the seven-year-old for about thirty minutes, at which time the child's mother was scheduled to arrive. Brown was already at the residence to paint Y. K.'s grandmother's car. After he completed working that day and Y. K. came home from school, Brown took a shower.

Y. K. testified that after arriving home from school that day, she was alone in the house with Brown. He came into the living room

[4] *Cecil v. State*, 263 Ga. App. 48, 50 (2) (587 SE2d 197) (2003).

[5] Id.; OCGA § 24-4-8.

[1] *Selfe v. State*, 290 Ga. App. 857, 858 (1) (660 SE2d 727) (2008) (emphasis omitted), quoting *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

where she was sitting, told her that he had a surprise for her, and invited her to "come and see." When she went to him, Y. K. testified, Brown lifted a leg of his short pants, pulled his "private part" out of the short pants leg, placed his hand on her head, and then nudged her head "near his private part." She described what Brown had shown her as "big and it had a hole in the middle." Y. K. testified that she pulled her head away, told Brown that she was going outside to play, then rode her bicycle down the street near her friends' house, where she remained pretending to read a stop sign to get away from Brown. Brown soon drove to where Y. K. had stopped, escorted the child to her friends' nearby house, obtained those neighbors' approval for Y. K. to stay there for a little while, and drove away.

Y. K. testified that she was afraid to tell her grandmother or mother that day about the incident. Brown had told her not to tell anyone. The next day, however, she decided to tell her teacher.

Y. K.'s second-grade teacher testified that the child approached her and said that she wanted to tell her something in private. Y. K. had been in the teacher's class since August 2005. During that time, she had come to know Y. K. as an overall very happy-go-lucky, outgoing, friendly, and talkative girl. On that day, however, Y. K. was noticeably and unusually quiet and withdrawn. The teacher testified that when she was alone with Y. K. that day, Y. K. was very emotional and spoke very slowly as she confided that she had been at her grandmother's house with her grandmother's friend, Brown; that he had told her that he had something to show her; and that he then had pulled out what the child called his "privates." The teacher recalled that at that point Y. K. became very upset and could not finish the story, and that after crying, Y. K. told her that she had run away and waited at a stop sign. The teacher reported what Y. K. told her to the school counselor, who called the police.

A police officer assigned to investigate the report interviewed Y. K. on May 3, 2006. He testified that Y. K. revealed during that interview that a man named David had been at her house; that after he had taken a shower, he had shown her his "private parts"; that he had forced her head toward his "private parts"; and that she had told him no.

Brown took the stand in his defense. He testified that he had met Y. K.'s grandmother in 2000, that the two had become close friends, that he was at her house that day to work on her car, and that as he was about to leave, she asked him to stay to babysit Y. K. for thirty minutes. He agreed, although he already had plans to meet friends. After Y. K. came home, he took a shower, got dressed, went into the living room where Y. K. was sitting on a sofa, then fell asleep on another sofa in the same room. Brown recalled, "The next thing I remember I woke up, [Y. K.'s] right there in my face, right there

hanging over the couch looking at me." Brown further recalled that he woke up with an erection, and so he "eased her out of the way and went to the bathroom." Brown testified that he had heard Y. K. talking about "seeing me," but that "the only way she could have seen me at all was to look up my pants leg, and that's it."

"A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."[2] Brown challenges the sufficiency of the evidence, asserting that the evidence showed only that he was in the child's presence.

Although Brown testified that he did not commit the charged offense, the jury was not required to believe Brown's testimony, nor to disbelieve the state's witnesses.[3] "It is the jury's role to resolve conflicts in the evidence and determine the credibility of witnesses."[4] We neither weigh the evidence nor judge the credibility of witnesses.[5] "On appeal, [Brown] no longer enjoys the presumption of innocence."[6] Y. K.'s account at trial of Brown's conduct and words, corroborated by the testimony of witnesses to whom the child reported the incident soon thereafter, was "competent evidence, even though contradicted, to support each fact necessary to make out the State's case, [and] the jury's verdict will be upheld."[7]

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED JANUARY 14, 2009.

*Robert H. Alexander III*, for appellant.

---

[2] OCGA § 16-6-4 (a).

[3] See *Boyd v. State*, 291 Ga. App. 528, 530 (662 SE2d 295) (2008).

[4] *Davis v. State*, 275 Ga. 633, 635 (570 SE2d 305) (2002) (citation and punctuation omitted).

[5] *Hammontree v. State*, 283 Ga. App. 736 (642 SE2d 412) (2007).

[6] Id.

[7] *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001) (citation and punctuation omitted); OCGA § 24-4-8 ("The testimony of a single witness is generally sufficient to establish a fact."); *Crane v. State*, 291 Ga. App. 414 (662 SE2d 225) (2008) (notwithstanding evidentiary conflicts, victim's testimony alone authorized jury to find defendant committed acts claimed by victim and to infer that he acted with intent to arouse or satisfy his or her sexual desires); *Brown v. State*, 287 Ga. App. 857, 858 (1) (652 SE2d 807) (2007) (evidence was sufficient to sustain child molestation conviction, based upon victim's testimony, which was further corroborated by outcry witnesses); *Hammontree*, supra at 737 (1) (victim's testimony alone sufficed to establish the elements of the child molestation).

*Patrick H. Head, District Attorney, Amelia G. Pray, Gregory L. Epstein, Assistant District Attorneys*, for appellee.