A08A2241. ROUSE v. THE STATE.

(674 SE2d 389)

ADAMS, Judge.

Walter Rouse was found guilty by a jury of burglary. He appeals following the denial of his motion for new trial, arguing in his sole enumeration of error that the trial court erred by failing to strike Juror No. 16 for cause.

As to this issue, the transcript shows the following exchange between the Prosecutor and Juror No. 16:

> State: Sir, Can you think of any reason why you would not be fair and impartial in this case?
>
> Juror: Possibly if the defendant did not testify.
>
> State: Ok. Now, you understand, sir, that it's the defendant's right not to testify?

---

Juror: Yes.

State: And you understand that he does not have to prove his case; I'm the one that has the burden of proving the case.

Juror: Yes.

State: With those understandings in mind, would you be able to sit here and listen to the case fairly?

Juror: Yes, I believe I would.

State: And would you be able to not necessarily hold the fact that the defendant does not testify against him under those circumstances?

Juror: It would put a doubt in my mind.

State: Would you listen to the evidence, though, and determine your verdict based on the evidence, regardless of whether the defendant testified or not testified?

Juror: Yes, I would attempt to do so.

Subsequently, the following exchange took place between defense counsel and Juror No. 16:

Defense Counsel: I believe you said that if Mr. Rouse did not testify, that you would have some doubt, and it would possibly cause you to not be fair and impartial.

Juror: It usually puts a doubt in my mind.

Rouse subsequently moved to strike the juror for cause. The trial court denied the motion without attempting to question or to rehabilitate the juror.

We agree with Rouse that this case is similar to the recent case of *McGuire v. State*, 287 Ga. App. 764 (653 SE2d 101) (2007). In that case we stated:

"Only upon a finding of 'manifest abuse' of discretion may a trial judge's decision concerning juror qualification be reversed. [*Kim v. Walls*, 275 Ga. 177, 178 (563 SE2d 847) (2002).] But even given this latitude, the potential impact of juror bias must not be underestimated. Running through the entire fabric of our Georgia decisions is a thread which plainly indicates the broad general principle intended to be applied in every case is that each juror shall be so free from either prejudice or bias as to guarantee the inviolability of an impartial trial. If error is to be committed, let it be in favor of the absolute impartiality and purity of jurors. (Citation and punctuation omitted.) *Kim*, supra at 178."

(Punctuation omitted.) *Park v. State*, 260 Ga. App. 879, 880-881 (581 SE2d 393) (2003).

*McGuire v. State*, 287 Ga. App. at 765.

In both this case and *McGuire*, the potential jurors indicated that the defendants' failure to testify would cause them to doubt their innocence. Although the juror in *McGuire* was asked but could not affirmatively say that she would be able to follow the judge's instructions on the burden of proof if the defendant did not testify, the juror in this case was never asked if he could follow the judge's instructions; rather, he was asked by the prosecutor whether he *understood* that Rouse had the right not to testify and that the State had the burden of proving the case. Although he indicated his understanding and also responded affirmatively that with those principles in mind he could listen to the case "fairly," Juror No. 16 also stated twice more following this exchange that if Rouse did not testify it would cause him to doubt his innocence. We are thus constrained to conclude that the trial court abused its discretion in failing to strike Juror No. 16 for cause, and that, therefore, Rouse is entitled to a new trial on this basis. See also *Maxwell v. State*, 282 Ga. 22, 25-26 (2) (644 SE2d 822) (2007).

*Judgment reversed. Smith, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 27, 2009.

*Kenneth D. Kondritzer*, for appellant.
*Paul L. Howard, Jr., District Attorney*, for appellee.