**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**April 24, 2018**

# In the Court of Appeals of Georgia

A18A0209. DESANTOS v. THE STATE.

RAY, Judge.

After a jury convicted Jorge DeSantos of two counts of aggravated child molestation and one count of child molestation, DeSantos filed this appeal from the denial of his amended motion for new trial. He contends that the trial court erred by failing to excuse Juror No. 22 for cause and by allowing the State to ask improper questions of witnesses. For the reasons that follow, we reverse and remand the case for a new trial.

Viewing the evidence in the light most favorable to the jury's verdict,[1] the evidence shows that DeSantos befriended the victim, an 11-year-old boy, by giving him numerous gifts, taking him shopping, and offering to take him on vacation.

---

[1] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 S.Ct . 2781) (1979)

During this time, DeSantos molested the victim on two occasions at DeSantos's residence and once in a retail store dressing room. At trial, DeSantos presented as a defense the theory that the victim's grandmother had coached the child to make up the molestation as an act of revenge because DeSantos had refused to marry the victim's mother, which would have provided her an avenue to citizenship. DeSantos presented numerous character witnesses, as well as a witness intended to impeach the testimony of the victim's grandmother. The jury rejected this theory and found DeSantos guilty on all counts.

1. DeSantos argues that the trial court erred by not excusing Juror No. 22 for cause. It is certainly true that "[w]hether to strike a juror for cause is within the discretion of the trial court and the trial court's rulings are proper absent some manifest abuse of discretion." (Punctuation and footnote omitted.) *Lewis v. State*, 279 Ga. 756, 760 (3) (a) (620 SE2d 778) (2005). Further, for a juror to be stricken for cause, it must be established that the juror holds an opinion on guilt or innocence that is so fixed that the juror will be unable to set that opinion aside and decide the case based on the evidence or the trial court's charge at trial. *Menefee v. State*, 270 Ga. 540, 542 (2) (512 SE2d 275) (1999). However, DeSantos argues that because Juror

2

No. 22 expressed bias and prejudgment, and was never rehabilitated, the trial court erred in refusing to remove the juror. We agree.

During voir dire, prospective jurors were told that the case involved allegations that the defendant had molested an 11-year-old boy three times between November 1, 2013, and January 31, 2014. The following exchange took place during individual voir dire after Juror No. 22 revealed that he had 8- and 12-year-old brothers, who were similar in age to the victim.

> State: And, [Juror No. 22], is there anything that you can think of that would prevent you from being fair and impartial in this case?
>
> Juror: Well, kind of just having my younger brothers, like how close to them [sic]. I feel like that's kind of just like something that like hits home, I guess.
>
> State: Okay. So you – the fact that you have younger brothers that are kind of around the same age as the potential victim, you think would make it a little hard to listen – to kind of hear what some of the facts are?
>
> Juror: Yeah.
>
> State: But you would agree with me that every situation's different, right? And that people are different.

Juror: Yeah, I guess.

State: [ . . . ] But what we – what we want to know if you can do is if you can listen to the evidence as it's presented in the courtroom and make a decision based on that evidence that you hear from the witness stand and then apply [it] to the law the judge gives you. Is that something you feel like you could do?

Juror: I mean, *I feel like I'd still be a little biased* towards it.

State: Is it something – is that something that you would try to do? . . . [Y]ou'd listen to them and you'd try to be fair?

Juror: I mean, I'd definitely try to, but honestly, *I feel like I'd be biased*.

State: So when you say that you would be . . . biased, do you mean that you – because your brother is – is around that age, that you've already made a decision?

Juror: Not completely, but *I definitely kind of jumped to conclusions like that*.

State: And are you saying that that would make it — that that would make you unfair?

Juror: *Yeah, I guess.*

4

(Emphasis supplied.) Based on this exchange, defense counsel moved to excuse Juror No. 22 for cause. The trial court reserved consideration on the motion until the following day, when it ruled that Juror No. 22 would remain on the panel over defense objection.

Trial courts may abuse their discretion in failing to strike for cause a juror who expresses bias and prejudgment, where subsequent questioning fails to elicit the necessary response that the juror will be able to fairly and impartially decide the case based on the evidence and the law. See *Ham v. State*, 303 Ga. App. 232, 239-240 (2) (a) (692 SE2d 828) (2010). Accord *Menefee*, supra.[2] In *Menefee*, for example

> [i]n response to a general voir dire question whether one had been the victim of a crime, a prospective juror disclosed that several years earlier she had been attacked at gunpoint and kidnapped . . . Upon inquiry by defense counsel, the juror acknowledged that this experience would affect her service, adding that "there is [sic] racial issues involved." When asked to explain, the juror stated that "the person that attacked me

---

[2] See also *Garduno v. State*, 299 Ga. App. 32, 34-35 (2) (682 SE2d 145) (2009) (where prospective juror was admittedly biased toward prosecution witness and State's questioning did not rehabilitate juror, trial court manifestly abused discretion in refusing to strike juror for cause); *McGuire v. State*, 287 Ga. App. 764, 765 (653 SE2d 101) (2007) (trial court abused its discretion in failing to strike juror for cause where "[t]he trial court never questioned the juror and the juror never gave an affirmative response that she would be able to follow the court's instructions that the State had to prove [defendant's] guilt beyond a reasonable doubt").

was a black man and I would have to be able to overlook that." Upon further inquiry about her feelings concerning the defendant's race and her earlier experience, she responded, "I don't really want to admit it, how I feel . . . prejudiced probably would be the way." She then unequivocally stated that she harbors prejudice toward the defendant because of the encounter with her attacker. After defense counsel moved to strike the juror for cause, the court inquired whether she could set aside her previous experience and decide this case solely on the evidence and the court's instructions, to which she responded, "I *would like to try . . . it's hard to say absolutely*." Upon further questioning by the court, the juror merely stated that her feelings were something she "would have to deal with." In response to a follow-up question by the prosecutor as to whether she believed the defendant is guilty of the crime charged merely because he is an African-American male, the juror responded, "it crossed my mind." She then revealed that the reason it crossed her mind was because of her prejudice against the defendant based on his race.

(Emphasis supplied.) *Menefee*, supra at 541-542 (2). Based on this exchange, the Supreme Court held that the trial court had abused its discretion in failing to dismiss the juror for cause:

Although we recognize that the determination of impartiality . . . is particularly within the province of the trial judge . . . and absent a manifest abuse of this discretion, we cannot require a new trial, we nevertheless conclude that the questioning of the prospective juror failed

6

to elicit the necessary response that she would be able to lay aside her prejudices and personal experiences and fairly and impartially decide the case on the evidence presented at trial.

(Citations and punctuation omitted.) Id. at 542 (2). See also *Ham*, supra at 238-240 (2) (a).

Further, it well-settled that where Georgia courts have not found an abuse of discretion in a trial court's refusal to excuse a juror for cause, an integral part of the analysis has been indicia that the juror's opinion is not implacably fixed based on the juror's expression of a perceived ability and willingness to decide the case based on the law and evidence, and to follow the charge of the court. See, e. g., *Smith v. State*, 300 Ga. 532, 535 (2) (796 SE2d 671) (2017) (trial court did not err in denying motion to excuse juror for cause where a juror initially stated that she "had a problem" with men hitting women, and had been a victim of domestic violence, but testified that she would be able to judge this defendant based solely upon the evidence at trial); *Welch v. State*, 298 Ga. 320, 321 (2) (781 SE2d 768) (2016) (trial court did not err in refusing to excuse two jurors who initially indicated they were unable to be fair and impartial as a result of their experiences and beliefs, but upon further questioning concluded that they could set aside any preconceived notions and base their verdict

on the law and evidence); *Leonard v. State*, 292 Ga. 214, 216-217 (3) (735 SE2d 767) (2012) (removal for cause not mandatory where juror expressed doubts about her impartiality based on negative experiences with drugs, but answered that she had no concerns about giving either the State or the defendant a fair trial).

Here, the juror in question expressed persistent doubts in his ability to be impartial and fairly evaluate the evidence based on the law given, and no questioning by either the trial court or the State was able to "elicit the necessary response that [Juror No. 22] would be able to lay aside his prejudices and personal experiences and fairly and impartially decide the case on the evidence presented at trial." (Punctuation and footnote omitted.) *Maxwell v. State*, 282 Ga. 22, 26 (2) (d) (644 SE2d 822) (2007). Compare *Leonard*, supra. Thus, we find the trial court erred in declining to excuse Juror No. 22 for cause.

We have held that "[t]he selection of an impartial jury is the cornerstone of the fairness of trial by jury, and, in this process, peremptory strikes are invaluable." (Punctuation and footnote omitted.) *Ivey v. State*, 258 Ga. App. 587, 594 (2) (574 SE2d 663) (2002). Thus, requiring DeSantos to use a peremptory strike to remove

Juror No. 22 means that DeSantos "was denied a full panel of qualified jurors[,]" and as a result, his conviction must be reversed and his case remanded for a new trial. Id.[3]

2. Our decision in Division 1 renders moot DeSantos' other contentions of error.

*Judgment reversed, and case remanded for new trial. McFadden, P.J., and Rickman, J., concur.*

---

[3] We note that a defendant is not required to use all of his peremptory strikes before harm adheres from the trial court's erroneous refusal to strike an unqualified juror. See *Harris v. State*, 255 Ga. 464, 464 (2) (339 SE2d 712) (1986). Accord *Wallace v. State*, 275 Ga. 879, 881 (3) n. 11 (572 SE2d 579) (2002) (reiterating Harris rule and overruling later cases that ignored it).